## BARKER *v.* STATE.

### Opinion delivered September 23, 1918.

1. LARCENY—INTENT—INSTRUCTIONS.—The refusal of correct instructions in a larceny case embodying the defense that the property alleged to have been stolen was taken by mistake was not prejudicial where the court instructed the jury that the intent to steal is the gist of the offense, and that before the jury can convict they must find that defendant took the property with intent to steal.

2. CRIMINAL LAW—INSTRUCTION—REASONABLE DOUBT.—Defendant in a larceny case requested the court to charge the jury as follows: "The court instructs the jury that the burden is on the State to prove the defendant guilty as charged in the indictment; and if the evidence fails to satisfy your minds beyond a reasonable doubt of the guilt of the defendant, then it is your duty to give him the benefit of the doubt and acquit him. *If any reasonable view of the evidence is or can be adopted which admits of a reasonable doubt of the guilt of the defendant, then it is your duty to adopt such view of the evidence and acquit the defendant.*" The court struck out the sentence italicized, and told the jury further: "If you entertain a reasonable doubt as to his (defendant's) intent, you will give him the benefit of that doubt and acquit him." *Held,* no error.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Pratt P. Bacon,* for appellant.

1. Appellant honestly believed that the steer was the one he owned and had bought from Williams. This phase should have been submitted to the jury on proper instructions, but the court refused. 98 Ark. 149; 97 *Id.* 153.

2. The court erred in amending No. 2. 71 Ark. 459; 128 *Id.* 35.

*John D. Arbuckle,* Attorney General, and *T. W.*
*Campbell,* Assistant, for appellee.

The evidence is ample and there is no error in the
instructions. 78 Ark. 490; 89 *Id.* 24; 73 *Id.* 407; 26 *Id.*
334; 128 *Id.* 35, 38.

HUMPHREYS, J. Appellant was indicted, tried, con-
victed and sentenced to one year in the penitentiary in
the Miller Circuit Court, June Term, 1918, for the crime
of grand larceny.

The evidence on behalf of the State tended to show
that in May, 1918, appellant took a steer owned by R. M.
Pool out of the range on Beech Creek in Miller County,
and sold it for $60.

The evidence on behalf of appellant tended to show
that at the time he took the steer and sold it he believed
it was a steer he had previously bought from E. P. Wil-
liams.

Appellant insists that the court erred in refusing to
give instructions Nos. 5 and 6 requested by him for the
reason that these instructions presented his phase of the
case to the effect that he took and appropriated the steer
through an honest mistake. Each instruction embodied
a correct statement of the law as applied to appellant's
phase of the case, but the substance of each was contained
in the second paragraph of the general instruction given
by the court which is as follows: ''The court will further
tell you, gentlemen of the jury, that the intent to steal is
the gist of the crime charged against the defendant, and
before you can convict him you must find from the evi-
dence beyond a reasonable doubt not only that the steer
in question was the steer of the witness R. H. Pool, but
that the defendant at the time he took it did so with the
intention of stealing it. * * *''

Appellant also insists that the court erred in refus-
ing to give instruction No. 2 on reasonable doubt in the
form requested by him. As requested it was as follows:

''The court instructs the jury that the burden is on
the State to prove the defendant guilty as charged in the

indictment; and if the evidence fails to satisfy your minds beyond a reasonable doubt of the guilt of the defendant, then it is your duty to give him the benefit of the doubt and acquit him. If any reasonable view of the evidence is or can be adopted, which admits of a reasonable doubt of the guilt of the defendant, then it is your duty to adopt such view of the evidence and acquit the defendant.''

The court struck out the last sentence and gave the instruction as modified. The sentence stricken out is a reiteration in different language of the subject matter embodied in that part of the instruction given; and a repetition in substance of the instruction on reasonable doubt contained in the general instruction given by the court. The court told the jury in the general instruction that, ''If you entertain a reasonable doubt of his (appellant's) guilt *growing out of the evidence in the case,* you will give him the benefit of the doubt and acquit him.'' And also instructed the jury in the latter part of the general instruction as follows: ''If you entertain a reasonable doubt as to his (appellant's) intent, you will give him the benefit of that doubt and acquit him.''

The case of *Tanks* v. *State,* 71 Ark. 459, cited by appellant to support his contention that the modification of instruction No. 2 had the effect of rendering negative the rule on the subject of reasonable doubt, is not in point. In the case at bar, the court simply modified the instruction by striking out the last sentence. In the case cited, the court not only struck out the last sentence but modified it by an addendum which had the effect of rendering negative the rule on the subject of reasonable doubt.

We think the rule on the subject of reasonable doubt in the instant case was sufficiently presented to the jury, and that no harmful or prejudicial error was committed by striking out the last sentence of instruction No. 2 and giving the instruction as modified.

The judgment is affirmed.