COOPER *v.* STATE.

Opinion delivered October 18, 1920.

1. COURTS—JURISDICTION OF SPECIAL TERM.—Where the circuit court signed a written order convening a special term of court for the trial of criminal cases, and such order was copied in full, including the signature of the judge, upon the records of the court, the jurisdiction of the court vested, and the act of the clerk in erasing the signature of the judge from the record did not defeat the jurisdiction

2.   INDICTMENT AND INFORMATION—ALLEGATION OF TIME.—An indictment was not defective because it alleged the offense charged was committed on the day the indictment was returned.

3.   CRIMINAL LAW — INSTRUCTION.—In a prosecution for murder, where the State's evidence tended to prove an assassination while the defendant's tended to prove self-defense, there being no question of construction of testimony, it was not error to refuse an instruction that if there were two reasonable constructions which might be placed on the testimony, one tending to establish guilt and the other innocence, the jury should adopt the latter construction.

4.   HOMICIDE — JURY QUESTION.—In a prosecution for murder, whether defendant had written certain letters introduced in evidence against him *held* for the jury.

5.   CRIMINAL LAW—RIGHT OF STATE TO OPEN AND CLOSE.—Though one accused of murder admitted the killing, the venue and time of the killing, the right to open and close the argument remained with the State which had the burden of proving his guilt beyond a reasonable doubt.

Appeal from Ouachita Circuit Court; *C. W. Smith,* Judge; affirmed.

*T. W. Hardy* and *C. M. Martin,* for appellant.

1.   The record of the calling of the term of court was not sufficient. The record was incomplete and failed to comply with Kirby's Digest, § 1532, and the rule in 2 Ark. 230.

2.   The court should have given instruction "B" for defendant and it was not proper to permit the letter written to Mr. Fultz to be introduced in evidence. Defendant did not write it nor did he know what was in it and it was irrelevant. Nor should the letters, exhibit C, and the one to Hazel Jones, have been admitted. The remarks of the prosecuting attorney and the letters were prejudicial. The burden of proof was on defendant and he was entitled to open and close the argument. Kirby's Digest, § 2388.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1.   The record speaks for itself and shows that the order for the special term of court was in due form

and properly signed and met all the requirements of Kirby's Digest, § 1532.

2. The indictment meets fully the requirements of § 2228 of Kirby's Digest and the proof shows that the crime was committed prior to the indictment. 67 Ark. 495; 65 *Id*. 559.

3. There is no error in giving nor refusing instructions, nor in the admission of testimony, and the burden of proof was on the State. 13 Ark. 474.

SMITH, J. Appellant was convicted of murder in the first degree, and has prosecuted this appeal. He was indicted, tried and convicted at a special term of the circuit court, and as a ground of reversal insists that the court was not legally convened. On the morning the cause was called for trial an examination of the record of the court disclosed the fact that the judge's signature did not appear at the end of the order calling the court. The proclamation of the judge convening the special term was in proper form, and this proclamation was spread at large upon the record of the court except that it omitted the signature of the judge. Upon the hearing of the motion to quash the indictment the clerk was called as a witness, and testified that the name of the judge was signed to the order, and that he had copied the judge's name in the record, and later, and, after the convening of the court, he had erased the judge's name from the record. Thereupon the court ordered the clerk to restore the name of the judge as a part of the record, to which order of the court exceptions were saved.

Other grounds for the reversal of the judgment set out in the motion for a new trial are as follows: That the indictment alleged the killing to have occurred on July 26, 1920, that being the day on which the indictment was returned into court. That the court erred in refusing to give appellant's instruction B, and erred in admitting in evidence certain letters, and in refusing to permit appellant's counsel to open and close the argu-

ment before the jury. These assignments of error we discuss in the order stated.

It is not questioned that the circuit judge signed the written order convening the special term of court, and, if it be essential that this order be copied in full—including the signature of the judge—upon the records of the court, then it may be said that this was done, and the subsequent act of the clerk in erasing the name of the judge from the record could not defeat the jurisdiction of the court, which had vested before the erasure of the judge's name occurred.

What we have just said in no way conflicts with the opinion in the case of *Reece* v. *State,* 118 Ark. 310, where we reiterated the statement contained in several previous opinions of the court that the order of the circuit judge for a special term of court is jurisdictional, and must be strictly complied with, and that every jurisdictional fact must appear upon the record, and that, if the court's order did not contain a recital of the facts essential to confer jurisdiction, the order could not later be amended *nunc pro tunc* to recite these jurisdictional facts. No defect is here claimed in the judge's order. The only complaint is that, as spread upon the record of the court, the signature of the judge was omitted from the order; but, as has been shown, this defect in the record—if defect it be—was caused by the action of the clerk in erasing the name of the judge after the court had convened and the order had been properly entered.

The indictment was not defective because it alleged the offense charged was committed on the day the indictment was returned. *Conrand* v. *State,* 65 Ark. 559; *Carothers* v. *State,* 75 Ark. 575; *Grayson* v. *State,* 92 Ark. 413; *Hunter* v. *State,* 93 Ark. 276.

Instruction B requested by appellant told the jury that, if there were two reasonable constructions which might be placed on the testimony, one tending to establish the defendant's guilt and the other his innocence, the jury should adopt the construction tending to estab-

lish innocence. No error was committed in refusing instruction B. According to the testimony on behalf of the State, the killing was an assassination; while, according to appellant, he fired the fatal shot in his necessary self-defense; so that there is no question of construction of testimony. The question was, which witnesses should be believed, and the court gave an appropriate instruction on weighing testimony, and also on the question of reasonable doubt.

Objection was made to the introduction of certain letters, the objection being that it was not shown that appellant had written them. But appellant admitted having written the letter to Hazel Jones, his step-son, one of the letters in question. Another letter was one about which a witness named Ellis was permitted to testify. Ellis testified that he went to South Bend, Indiana, where he arrested appellant. That appellant stoutly denied his identity. That he found certain letters under the head of appellant's bed, and that, as an officer with sixteen years' experience, he had been accustomed to comparing handwriting, and that a letter which he found in South Bend, addressed to Z. Morris, was in the same handwriting as a letter which he had himself received from appellant. We think this testimony was sufficient to make a question for the jury, whether appellant had written the letters.

At the trial appellant admitted the killing, the venue, and the time of the killing, and demanded the right to open and close the argument. But, notwithstanding these admissions, the burden of proving appellant's guilt beyond a reasonable doubt continued to rest upon the State, and it was, therefore, proper for the State to open and close the argument.

No error appearing, the judgment is affirmed.