## DAVIS *v.* STATE.

### Opinion delivered November 14, 1921.

1. RAPE AND CARNAL ABUSE—EVIDENCE OF UNCHASTITY OF PROSECUTRIX.—Upon a prosecution for carnal abuse, it was not competent for defendant to prove that the prosecuting witness had had sexual intercourse with some person other than defendant, as her chastity was not involved in the charge.

2. WITNESSES—IMPEACHMENT AS TO COLLATERAL MATTER.—Evidence of specific instances of immorality of the prosecuting witness in a prosecution for carnal abuse is not admissible as affecting her credibility, because it relates to matters collateral to this issue.

3. WITNESSES—IMPEACHMENT AS TO COLLATERAL MATTER.—While it is proper to permit a witness to be asked as to specific acts affecting his credibility, yet, if such matters are collateral to the issue, he can not, as to his answer, be contradicted subsequently by the party putting the question.

4. . CRIMINAL LAW—ABSTRACT INSTRUCTIONS.—Where there was no evidence upon which to base an instruction as to credibility of the prosecutrix in a prosecution ior carnal abuse, there was no error in refusing such instruction.

5. CRIMINAL LAW—INVITED ERROR.—Where defendant's attorney went out of the record in making a certain argument, a statement by the prosecuting attorney in reply that defendant's attorney had previously taken a different position was invited error.

6. CRIMINAL LAW—ARGUMENT OF ATTORNEY.—It was not error in a criminal case to permit the prosecuting attorney to say to the jury that "the jurymen are the ones that enforce the law; and if the people know the law is not enforced, the law is going to be violated."

7. CRIMINAL LAW—INSTRUCTION—CREDIBILITY OF ACCUSED.—While the practice of declaring the law relative to the credibility of an accused separate from that of the other witnesses is not commended, it is not reversible error.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

*Lake & Lake,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Instruction 1 given by the court, correctly declared the law. C. & M. Dig. § 2720. Its instructions 2, on the credibility of witnesses, and 3, relative to the credibility of the appellant as a witness, were correct. This court will not reverse because the credibility of the defendant is made the subject of a separate instruction.

There was no proof on which to base instruction 5 requested by appellant. It was not error to refuse it. 21 Ark. 69; 23 *Id.* 731; 217 S. W. (Ark.) 779.

Instructions should not be based on rejected testimony. 14 Ark. 286; 21 *Id.* 370; 23 *Id.* 101. The reputation for chastity of the female is not involved in a prosecution for carnal abuse. 15 Ark. 624; 72 *Id.* 409; 103 *Id.* 119.

Evidence of specific acts of immorality of the prosecuting witness was not competent; it was in no sense a defense against the charge. 72 Ark. 409; 15 *Id.* 624; 84 *Id.* 16; 103 *Id.* 119.

There was no error in the argument. If so, it was invited. Moreover, appellant did not request its exclusion. 84 Ark. 128. Prosecuting attorneys have the right to appeal to the jury to do its duty. 106 Ark. 131.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Sevier Circuit Court for the crime of carnal abuse, and as punishment therefor sentenced to serve a period of two years in the State penitentiary. From the judgment of conviction an appeal has been duly prosecuted to this court.

According to the evidence adduced in behalf of the State, appellant had sexual intercourse with Nina Olmstead, a female under the age of sixteen years, on the night of the 26th day of April, 1920, in his home where she was employed to wait upon appellant's wife during her illness occasioned by childbirth.

In the course of the trial the court refused to permit appellant to show by other witnesses specific acts of immorality of the prosecuting witness, Nina Olmstead, with other men, because the State had not put the chastity of the prosecutrix in issue, to which ruling of the court an exception was saved. Bearing upon this particular question, appellant requested instruction No. 5, which was refused by the court, to which ruling appellant also saved an exception. Appellant's requested instruction No. 5 is as follows:

"While it would be no defense which would justify or excuse the defendant if other men had been criminally intimate with the prosecuting witness, this fact, if you should find it to be a fact, should be considered as it might tend to discredit or impeach the testimony of the prosecuting witness and render her unworthy of belief."

The court also ruled that, if appellant interrogated the prosecuting witness in reference to specific acts of intercourse with other men upon cross-examination for the purpose of discrediting her, he would be bound by her answers, to which ruling an exception was saved.

The court gave a number of instructions to which general objections were made and exceptions saved by appellant.

The refusal of the trial court to permit appellant to show by other witnesses specific acts of immorality of the prosecuting witness was correct. Her chastity was not involved in the charge, and such proof would not have been responsive to the issue. *Pleasant* v. *State,* 15 Ark. 624; *Plunkett* v. *State,* 72 Ark. 409; *Renfroe* v. *State,* 84 Ark. 16; *Peters* v. *State,* 103 Ark. 119.

It is not admissible as affecting the credibility of the prosecuting witness because it related to matters collateral to the issue. *McAlister* v. *State,* 99 Ark. 604.

The holding of the trial court to the effect that appellant would be bound by the answers of the prosecuting witness on cross-examination with reference to specific acts of intercourse with other men was correct. The questions and answers related to collateral matters. This court held in the case of *McAlister* v. *State, supra* (quoting syllabus): "While it is proper to permit a witness to be asked as to specific acts affecting his credibility, yet, if such matters are collateral to the issue, he cannot, as to his answer, be subsequently contradicted by the party putting the question." The refusal of the court to give appellant's requested instruction No. 5 did not constitute reversible error because it was abstract. There was no evidence in the record upon which to base the instruction.

During the progress of the trial, the prosecuting attorney, over the objection and exception of the appellant, was permitted to say: "I remember Judge Lake, in Howard County, stating there that a girl had been seduced, and he was representing the State in the case, and claimed it only happened one time, and that standing up, and she and the boy living in the same community, and it was never repeated again, and the jury believed him." Judge Lake, while making his argument in defense of appellant, made some remarks tending to show the improbability of sexual relations

having occurred between appellant and the prosecuting witness as testified to by her. These remarks related to matters outside of the record. The statement made by the prosecuting attorney was an attempt to answer these remarks. The error, therefore, if any, was invited error.

The prosecuting attorney was also permitted, over the objection and exception of the appellant, to say to the jury that "the jurymen are the ones that enforce the law, and if the people know the law is not enforced, the law is going to be violated." We do not think error was committed in permitting the prosecuting attorney to make the statement. It was ruled in the case of *McElroy* v. *State,* 106 Ark. 131, that "prosecuting attorneys have a right to appeal to the jury to do its duty in the punishment of heinous crimes." The statement simply emphasized the necessity of enforcing the law if it had been violated.

We have carefully examined the several instructions given by the court, and are unable to discover any reversible error in them. No. 1 defined the crime for which appellant was indicted in accordance with section 2720 of Crawford & Moses' Digest, and, in substance, instructed that the jury should convict appellant if convinced beyond a reasonable doubt that he had sexual intercourse with the prosecuting witness in the county within three years before the filing of the indictment. Instruction No. 2 announces the correct rule of law relative to the credibility of witnesses. No. 4 gave a proper definition of the term "reasonable doubt." Instruction No. 3 instructed on the credibility of appellant, who testified in his own behalf. While the practice of declaring the rule of law relative to the credibility of an accused separate from other witnesses is not commended, the court has ruled that it is not reversible error to do so. *Vaughan* v. *State,* 58 Ark. 353.

The judgment is affirmed.