## CUMMINS *v.* STATE.

### Opinion delivered February 25, 1924.

1. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—Testimony of an accomplice *held* sufficiently corroborated to sustain a conviction of murder in the first degree.

2. CRIMINAL LAW—INSTRUCTION AS TO CORROBORATION OF ACCOMPLICE. —In a prosecution for murder, an instruction that testimony corroborating that of an accomplice must be such as the jury believes to be true beyond a reasonable doubt, *held* properly refused, as applying the doctrine of reasonable doubt to a single item of the testimony tending to establish guilt.

3. CRIMINAL LAW—INSTRUCTION AS TO PRESUMPTION OF INNOCENCE.— In a prosecution for murder, where the testimony conflicted as to whether defendant fired on and killed deceased with justification, or whether defendant was an innocent bystander, an instruction that, if the facts were susceptible of two interpretations, one of innocence and one of guilt, the former must be adopted, was properly refused as inapplicable, as the question was which witnesses should be believed.

Appeal from Nevada Circuit Court; *J. H. McCollum,* Judge; affirmed.

*Steve Carrigan* and *J. O. A. Bush,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted of the crime of murder in the first degree, in the circuit court of Nevada County, for killing Fred Murrah, a deputy sheriff, who, with other officers, was

attempting to capture a still and gang of moonshiners, and, as punishment for the crime, was adjudged to serve a life term in the State Penitentiary. He has prosecuted an appeal to this court from the judgment of conviction, and seeks a reversal thereof upon three grounds.

His first alleged assignment of error is that he was convicted upon the testimony of an accomplice without corroborating evidence. It is provided by § 3181 of Crawford & Moses' Digest that "a conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof." The record reflects that, about three-thirty A. M. on September 26, 1923, the sheriff and several deputies located a still in said county, and, while consulting as to the best plan to pursue, were fired upon by two of the moonshiners. The sheriff and his posse returned the fire. The firing then became general, and, according to the State's witnesses, seven or eight moonshiners were shooting at them from as many directions with pistols, Winchesters, and shotguns. The sheriff and one of his deputies were wounded, and another, Fred Murrah, was killed. Several on the opposite side were wounded, appellant being one of them.

Noah Charles, the chief prosecuting witness, testified that, when he arrived at the still, about eight-thirty P. M. on the night of the 25th, in company with Lloyd Cummins, he found the following men there, armed with guns: Lark Butler, Eugene Butler, Tom Henry, and appellant; that, after directing him to drink out of a barrel containing mash, they all sent him to the top of the hill to watch, where he remained until about midnight; that he then returned to the still, where the last run was being cooked off; that appellant urged Eugene Butler to hurry, because he thought he heard something; that in a short time appellant again said he heard something, whereupon they all ran up the hill, with their guns, in

the direction he claimed to have heard the noise; that in a short time the firing began.

The undisputed testimony reveals that appellant was shot in the fleshy part of the back, near his shoulder blade, whereupon he fled from the scene of the tragedy, and remained about a week amongst his kinsfolk before he surrendered to the sheriff; that, instead of calling a physician to remove the bullet from his wound, he extracted it himself, with the aid of his father; that, when he surrendered, he stated that he went to the still unarmed, in company with Lloyd Cummins, for the purpose of getting whiskey, and that he did not participate in the battle between the officers and moonshiners.

We think that the length of time that he remained at the still, the manner of the attack made by the moonshiners upon the officers, appellant's flight, and the extraction of the bullet without calling in medical aid, are strong circumstances tending to corroborate the testimony of the State's witness. The testimony of the accomplice was sufficiently corroborated to support the verdict and judgment.

Appellant's next alleged assignment of error is the refusal of the trial court to give the following instructions upon reasonable doubt: "When you are told that a conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, you are to understand that the corroborating testimony must be such as you believe to be true beyond a reasonable doubt."

The requested instruction was erroneous in attempting to apply the doctrine of reasonable doubt to a single item of the testimony going to make up the proof of guilt, instead of attempting to apply it to the whole evidence tending to establish guilt. This court said, in the case of Lasater v. State, 77 Ark. 468, that "the jury must believe beyond a reasonable doubt, from the evidence, that the defendant is guilty, and there must be corroboration of the testimony of the prosecuting wit-

ness, but there is no requirement that the corroboration be proved beyond a reasonable doubt.''

Appellant's next and last assignment of error is the refusal of the court to give the following instruction:

''You are instructed that the facts relied upon to show the defendant's guilt must not only be consistent with and point to his guilt, but must be inconsistent with his innocence; and if such facts are susceptible of two interpretations, one of innocence and one of guilt, the interpretation of innocence must be adopted in the defendant's behalf, and you must acquit him.''

The requested instruction called for a construction of the testimony by the jury upon the theory that the same testimony was susceptible of two constructions, one of innocence and the other of guilt. The testimony introduced by the State was to the effect that appellant, with others, fired upon and killed an officer of the law, without justification. The testimony introduced by appellant was to the effect that he was an innocent bystander, and was accidentally shot. The construction of the testimony was not a question before the jury. The question before the jury was which set of witnesses should be believed, and the court correctly instructed the jury as to how testimony should be weighed, and that reasonable doubts should be resolved in favor of appellant. The court did not err in refusing to give the instruction, as same was not applicable to the facts in the case. *Cooper* v. *State,* 145 Ark. 403.

No error appearing, the judgment is affirmed.