ROGERS *v*. STATE.

Opinion delivered March 24, 1924.

1. SEDUCTION—INDICTMENT.—An indictment for seduction *held* not fatally defective for failure to allege the day and month on which the offense was committed.

2. SEDUCTION—CORROBORATION OF PROSECUTRIX.—Evidence *held* sufficiently corroborative of the testimony of the prosecutrix in a seduction case to sustain a conviction.

3. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.— In a prosecution for seduction, an instruction that, if the State, in whole or in part, relied upon circumstantial evidence for a conviction, the circumstances relied upon must not only be consistent with defendant's guilt, but inconsistent with his innocence, was properly refused where the State did not rely entirely upon circumstantial testimony.

4. CRIMINAL LAW—SINGLING OUT TESTIMONY.—In a prosecution for seduction, where defendant and prosecutrix had been engaged to be married for three years before the offense alleged to have been committed, an instruction that the jury might consider the fact of such engagement as tending to contradict the testimony of the prosecutrix was properly refused.

Appeal from Dallas Circuit Court; *Turner Butler*, Judge; affirmed.

*D. D. Glover*, for appellant.

*J. S. Utley*, Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie*, Assistants, for appellee.

McCULLOCH, C. J. Appellant was convicted of the crime of seduction under an indictment which omitted the day and month the crime was alleged to have been committed. The court overruled appellant's demurrer to the indictment, and this ruling is assigned as error. The indictment was returned by the grand jury on November 24, 1921, and it is alleged that the offense was committed ''on the —— day of ————, 1921.'' We have heretofore decided that the omission of the date of the alleged offense is not such a substantial defect as renders the indictment demurrable. *Grayson* v. *State*, 92 Ark. 415; *Threadgill* v. *State*, 99 Ark. 126.

The principal contention in the case is that the evidence is not sufficient to sustain the verdict, in that there is no corroboration of the testimony of the injured female.

Appellant and Ida House, the female alleged to have been seduced, lived in Dallas County, on adjoining farms, the girl living with her father, who was a widower, and appellant living with his father. They had known each other for a long time, and, according to the testimony of the girl, became engaged to marry during the year 1917, and the engagement continued until about Easter Sunday in April, 1921, after the girl had become pregnant as the result of her intercourse with appellant. The girl testified that appellant induced her to have intercourse with him by his promise to marry her; that the first act of intercourse occurred in November or December, 1920, and that the intercourse continued from time to time until appellant quit going with her the following April. Her baby was born on November 14, 1921, and she testified that appellant was the father of the child, and that she had never indulged in sexual intercourse except with appellant.

Appellant joined the army at Camp Pike in September, 1918, and remained there until he was discharged in December, 1918. The State introduced in evidence numerous letters written by appellant to the girl during his stay at Camp Pike. These letters were full of words of endearment, which tended to establish the close relation between appellant and the girl and corroborate her in the statement that they were engaged to be married.

It was proved by numerous witnesses that appellant visited the girl and accompanied her to church and other places, and in other respects showed her marked attention during the whole time she claims they were engaged to be married. Appellant's attentions to the girl were not exclusive, but it is shown that he went with her a great deal, and only occasionally with other girls, and that she was visited by other young men at times, but not to the extent of appellant's attentions to her.

Two of the witnesses in the case testified to statements made to them by appellant, which the jury might have interpreted as admissions on the part of appellant that he was engaged to be married to the girl.

We are of the opinion that, if full force be given to all circumstances proved in the case and the legitimate inferences which may be drawn therefrom, the evidence was sufficient to furnish substantial testimony tending to show that appellant was engaged to be married to the girl, and that he obtained sexual intercourse with her by virtue of his promise to marry. The evidence was sufficient therefore to sustain the verdict.

There are numerous assignments of error with regard to the court's charge to the jury, but many of them are not of sufficient importance to discuss. Some relate to the refusal of the court to give certain instructions which were covered in other parts of the court's charge. One of the assignments relates to the refusal of the court to give instruction No. 15, which would have told the jury that "when the State, in whole or in part, relies upon circumstantial evidence for a conviction, the circumstances relied upon must not only be consistent with defendant's guilt, but must be inconsistent with his innocence; they must be so clear and strong that they exclude every hypothesis save that of his guilt." This instruction was erroneous and properly refused, because it was made applicable where the State did not rely entirely upon circumstantial evidence. *Green* v. *State,* 38 Ark. 304; *Logi* v. *State,* 153 Ark. 317. Furthermore, it was not prejudicial, for the reason that it was covered, in substance, by the instructions given by the court on the subject of reasonable doubt. *Green* v. *State, supra; Thompson* v. *State,* 130 Ark. 217.

Another assignment is with reference to the refusal of the court to give an instruction telling the jury, in substance, that, in determining whether or not sexual intercourse was obtained by a false promise of marriage, the jury might consider the fact that the alleged engagement between appellant and Ida House existed from the

year 1917 until November, 1920, before the first act of sexual intercourse occurred. This was a circumstance which might have been argued, with more or less force, as one tending to contradict the testimony of the girl that appellant was the author of her fall from virtue, but it was improper for the court to emphasize it by incorporating it in the instructions. The court instructed the jury to consider all the circumstances proved in the case in determining the question of appellant's guilt or innocence. It is not good practice to single out facts or circumstances in the court's charge to the jury.

Upon consideration of the whole case, we are of the opinion that there is no error in the record, and, there being sufficient testimony to support the verdict, the judgment must be affirmed, and it is so ordered.