## PURCELL *v.* STATE.

### Opinion delivered July 4, 1927.

1. INTOXICATING LIQUORS—POSSESSION OF STILL.—Evidence that defendant was assisting others in unloading a still from the truck which they were taking into an old field *held* sufficient to support a finding that defendant was in possession of the still.

2. CRIMINAL LAW—CHARGE UPON WEIGHT OF EVIDENCE.—In an instruction that the jury could not convict defendant unless they believed beyond a reasonable doubt that he had the still in his possession, it was not error to strike out the following clause: "and fact that still was found at place testified to by witnesses, if you believe such to be the fact, and defendant was found there, are not alone sufficient to warrant conviction in this case," *held* not error; the portion stricken out being objectionable as being on the weight of evidence.

3. INTOXICATING LIQUORS—POSSESSION OF STILL.—To be convicted of possessing a still, it was not essential that accused have the sole and exclusive possession of the still.

4. CRIMINAL LAW—CHARGE ON WEIGHT OF EVIDENCE.—In a prosecution for possessing a still, it was not error to refuse an instruction that accused had a right to testify in his own behalf, and that the jury should give his testimony the same consideration they would give the testimony of other witnesses.

5. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.—In a prosecution for possessing a still, instructions dealing with

the manner of weighing circumstantial evidence *held* properly refused, where the State did not ask conviction on circumstantial evidence.

Appeal from Howard Circuit Court; *B. E. Isbell,* Judge; affirmed.

*H. P. Epperson,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellant was indicted for possessing a still, was convicted, and has appealed. For the reversal of the judgment he first insists that the verdict is contrary to the law and the evidence, and that the evidence was not legally sufficient to support the verdict.

The testimony on the part of the State was to the effect that appellant and three other men were found in possession of a still, which had been moved just after dark in a truck. Portions of the still had been unloaded from the truck and were being taken into an old field, and appellant was assisting. Appellant admits being in the truck, but testified that he had been picked up in a drunken condition by the men who were driving the truck, and who intended to take him home, and that he knew nothing about being in the truck until the morning after his arrest. This testimony is sufficient to support the finding that defendant was in possession of the still, his explanation of his own connection being a question of fact, which has been passed upon by the jury.

The court gave what may be called the usual instructions, to none of which objection is made, except that the court modified the third instruction requested by appellant. Certain other instructions requested by appellant were refused.

The third instruction as requested by appellant reads as follows:

"The court tells the jury that you cannot convict the defendant unless you believe from the evidence in the case, beyond a reasonable doubt, that he had in his possession a still (and the fact that a still was found at the place testified to by the witnesses, if you believe such to

be the fact, and defendant was found there, are not alone sufficient to warrant a conviction in this case)."

The court modified the instruction by striking out the part inclosed in parentheses, and this action is assigned as error.

No error was committed in modifying the instruction as indicated. The instruction as given told the jury that the defendant could not be convicted unless they believed beyond a reasonable doubt that he had a still in his possession. It was, of course, not essential that he have the sole and exclusive possession of the still. The portion of the instruction stricken out was objectionable as a charge upon the weight of the evidence. *Bullard* v. *State*, 159 Ark. 435, 252 S. W. 584.

Instructions were asked by appellant upon the presumption of innocence and upon the subject of a reasonable doubt, but the instructions given by the court fully and correctly declared the law of those subjects.

The court refused to give instruction numbered 8, requested by appellant, which reads as follows:

"You are instructed that the defendant has a right to testify in his own behalf, and you should give to his testimony the same fair and impartial consideration that you give to the testimony of any other witness. You should not arbitrarily disregard the testimony of the defendant merely because of the fact that he is the defendant."

In the case of *Davis* v. *State*, 150 Ark. 500, 234 S. W. 482, the court gave an instruction on the right of the defendant to testify, which was objected to by him upon the ground that it was error to single out the testimony of the defendant in a separate charge on the subject of the credibility of the witnesses. We did not reverse the judgment in that case because this instruction was given, but we did say that, "while the practice of declaring the rule of law relative to the credibility of an accused separate from other witnesses is not commended, the court has ruled that it is not reversible error to do so."

In the recent case of *Smith* v. *State,* 172 Ark. 156, 287 S. W. 1026, the court refused to give, at the request of the accused, an instruction substantially the same as instruction numbered 8 set out above, and approving that ruling we there said: "Number 3 related to the right of appellant to testify in his own behalf. It is within the discretion of the trial court to give an instruction relative to the right of a defendant to testify in his own behalf, but it is the better practice not to refer to his right or rules governing his credibility and the weight to be attached to his evidence, but to allow him to take his place along with all other witnesses, under the general charge relative to the credibility and weight to be attached to their testimony" (citing cases).

Instructions were asked dealing with the manner of weighing circumstantial evidence, but these instructions were properly refused, as the State did not ask a conviction on circumstantial evidence. See also *Cooper* v. *State,* 145 Ark. 403, 224 S. W. 726; *Cummins* v. *State,* 163 Ark. 24, 256 S. W. 622; *Barker* v. *State,* 135 Ark. 404, 205 S. W. 805; *Garrett* v. *State,* 171 Ark. 297, 284 S. W. 734.

No error appears in the record, and the judgment must therefore be affirmed, and it is so ordered.