## HEAD *v.* STATE.

### Opinion delivered July 11, 1927.

1. RAPE—RELEVANCY OF TESTIMONY.—In a prosecution for rape upon a girl under 16 years of age, testimony of a doctor that, in his opinion, when the prosecutrix left the room where the alleged offense occurred she would have been crying, *held* properly excluded as irrelevant.

2. INDICTMENT AND INFORMATION—CARNAL ABUSE INCLUDED IN RAPE. —An indictment charging that defendant committed the crime of rape on a female under the age of 16 years embraced the charge of carnal abuse of a female under that age.

3. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—It was not error to refuse a requested instruction on reasonable doubts where it was substantially the same as a given instruction.

4. CRIMINAL LAW—HARMLESS ERROR.—Where an instruction was on the subject of rape, dealing with the question of consent, and did not attempt to declare the law of carnal abuse, and defendant was convicted of carnal abuse, whether the instruction was erroneous was immaterial.

5. CRIMINAL LAW—ARGUMENTATIVE INSTRUCTION.—An instruction that if any reasonable view of the evidence is or can be adopted which admits of reasonable doubt of the guilt of the defendant, it is your duty to adopt such view and acquit the defendant, is erroneous as argumentative and improper.

6. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction of carnal abuse of a girl under the age of 16 years, over the defense of alibi.

7. RAPE—CORROBORATION OF FEMALE.—In a prosecution for rape of a female under 16 years of age, it is not necessary for the testimony of the prosecutrix to be corroborated.

Appeal from Pike Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Tom Kidd* and *Pinnix & Pinnix,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Pike County for the crime of rape, committed the first day of May, 1926, upon Ruby Sain, a female person of the age of sixteen years. On the 31st day of March, 1927, he was tried under the indictment and convicted of carnal abuse, for which crime he was

adjudged to serve a term of four years in the State Penitentiary. He has duly prosecuted an appeal to this court from the judgment of conviction, relying upon four assignments of error for a reversal of the judgment.

The first assignment of error is the refusal of the court to allow Dr. T. F. Alford to testify "that, in his opinion, when the prosecuting witness left the room after the alleged attack, and went into the other room, she would have been crying." The request for this piece of testimony was predicated upon the theory that the pain and suffering endured by a young girl during the first act of sexual intercourse through physical force of a male would necessarily cause her to cry. Great pain and suffering is frequently endured without a tear, so the offered testimony was highly speculative. The temperament of a girl would have much to do with reference to the outward manifestations of having passed through such an ordeal. The testimony was irrelevant for the reason assigned, and therefore properly excluded.

The second assignment of error is that there was a fatal variance between the charge in the indictment and the proof, the contention being that appellant was indicted for the crime of rape and was convicted, under the evidence, for the crime of carnal abuse. It is argued that the crime of carnal abuse was not embraced in the charge of rape, and that therefore the court erred in instructing upon the crime of carnal abuse. The indictment charged that appellant committed the crime of rape upon a female under the age of sixteen years, which necessarily embraced the charge of carnal abuse of a female under sixteen years of age. *Henson* v. *State,* 76 Ark. 267, 88 S. W. 965; *Powell* v. *State,* 149 Ark. 311, 232 S. W. 429.

The third assignment of error is that the court erred in refusing to give appellant's requested instructions numbers 7 and 12. Instruction number 7 requested by appellant was, in substance, the same as instruction number 4 given by the court. Both related to the law of reasonable doubt. The court is not required to multiply

instructions upon the same subject. Instruction number 12 requested by appellant is an instruction on rape, and deals with the question of consent. It is unnecessary to decide whether the instruction was correct or incorrect, as appellant was acquitted of the charge of rape. The instruction did not attempt to declare the law of carnal abuse, hence did not in any wise prejudice the rights of appellant upon the charge for which he was convicted. In connection with this assignment of error appellant contends the court erred in modifying instruction number 4 as requested, and in giving the instruction as modified. Instruction number 4 as requested is as follows:

"The court instructs the jury that the burden rests upon the State to prove the defendant guilty as charged in the indictment, and, if the evidence fails to satisfy your minds beyond a reasonable doubt of his guilt, then it is your duty to give him the benefit of such doubt and acquit him. If any reasonable view of the evidence is or can be adopted which admits of a reasonable doubt of the guilt of the defendant, it is your duty to adopt such view and acquit the defendant."

The court modified the instruction by striking out the last sentence and gave the instruction as modified. The last sentence is as follows: "If any reasonable view of the evidence is or can be adopted which admits of a reasonable doubt of the guilt of the defendant, it is your duty to adopt such view and acquit the defendant."

The excluded portion of the instruction has been condemned by this court in a number of cases as being argumentative and improper. *Cooper* v. *State,* 145 Ark. 403, 224 S. W. 726; *Cummins* v. *State,* 163 Ark. 24, 258 S. W. 622; *Barker* v. *State,* 135 Ark. 404, 205 S. W. 805; *Garrett* v. *State,* 171 Ark. 301, 284 S. W. 734; *Purcell* v. *State,* 174 Ark. 656, 296 S. W. 59.

Appellant's fourth and last assignment of error is that the evidence is insufficient to support the verdict and judgment. Appellant argues that the testimony of the prosecutrix was so improbable and contrary to human

experience that courts and juries should not believe or attach any importance to it. The prosecutrix gave birth to a child, and testified that appellant was its father. She was sent to the home of appellant's mother very frequently for milk and water, where appellant resided, having separated from his wife. The opportunity for sexual intercourse existed. Although her story of the particular act resulting in her conception is not entirely satisfactory, yet it could have happened just as the girl testified. It is true that appellant's sister was in the next room, churning, but she was blind. It is admitted that appellant's mother was not at home at the time, and that the other members of the household, including a visitor or two, were at the barn, some distance from the house. Appellant denied that he committed the crime, and testified that he was at the barn with the others at the time the crime was supposed to have been committed. His alibi was supported by other witnesses, but the jury accepted the statement of the girl as true and refused to believe the statements of appellant and his witnesses. This issue of fact was one for the jury and not for the court to determine on appeal. It was not necessary for the statement of the prosecutrix to bè corroborated upon the charge of carnal abuse. We cannot agree with the view expressed by learned counsel for appellant that the testimony of the prosecutrix was so unreasonable and contrary to human experience, that juries and courts should disregard her statements.

No error appearing, the judgment is affirmed.