## HAZEL v. STATE.

### Opinion delivered October 10, 1927.

1. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—The uncontradicted testimony of a single witness that he bought whiskey from defendant, *held* sufficient to sustain a conviction for selling liquor.

2. CRIMINAL LAW—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE.—In a trial for selling liquor, a requested instruction that defend-

ant would be entitled to an acquittal, if the facts and circumstances could be explained in any reasonable way consistent with his innocence, *held* erroneous where there was direct testimony as to buying whiskey from him.

3. CRIMINAL LAW—MATTER OMITTED FROM THE BILL OF EXCEPTIONS. —A statement to the jury and a contention as to the qualification of juror, not in the bill of exceptions nor in the record except in the motion for new trial, cannot be considered on appeal.

4. CRIMINAL LAW—CONTINUANCE—ABSENCE OF WITNESSES.—It was not error to overrule a motion for continuance for the absence of witnesses, who were present at the trial and testified, nor where their testimony would have been merely cumulative.

5. CRIMINAL LAW—DISCRETION AS TO CONTINUANCES.—Granting or refusing of a motion for a continuance is in the discretion of the trial court.

Appeal from Miller Circuit Court; *James H. McCullum,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

MEHAFFY, J. The appellant, Marvin Hazel, was indicted by the grand jury of Miller County on the 7th day of June, 1927, charged with the crime of selling liquor. He entered a plea of not guilty, was tried by a jury, found guilty, and his punishment fixed at one year in the State Penitentiary, and he has appealed to this court to reverse said judgment.

When the case was called for trial in the circuit court, the defendant, who is the appellant here, filed a motion for continuance on account of the absence of witnesses Jeff Sams, Calvin Massey, and Ed Garrett. In the trial, however, witnesses Jeff Sams and Ed Garrett appeared and testified. Defendant's motion for a continuance was overruled, and exceptions saved. The appellant has filed no brief.

M. M. Brackman, a witness for the State, testified that he was constable of Sulphur Township; that in February, 1927, he arrested Looney Walls and Bob Blades and took from them a five-gallon keg of whiskey, near Olive Branch Church; that they were coming from the direction of defendant's home; that Walls and Blades

gave him a description of the party from whom they bought the whiskey.

Mrs. Adcock, another witness for the State, testified that she lived down about six miles from Bloomburg, Arkansas, in Miller County, about a mile from Marvin Hazel, the defendant, and remembers when Blades and Walls were arrested by Mr. Brackman, and that she saw the defendant that afternoon, in an automobile with two other men; that they were going in the direction of Sulphur Bottom, but that she did not see them coming back.

Mrs. G. W. Adcock, another witness for the State, testified that she knew the defendant, and remembers the time when Walls and Blades were arrested, and that she saw the defendant some time that day in a car with two other men. That they were going in the direction of defendant's home.

Looney Walls testified that he knew Brackman, constable of Sulphur Township, and that he arrested him and Blades near Olive Branch Church, and that they had five gallons of liquor in the car at the time they were arrested; that they bought it from the defendant, Mr. Hazel, and said that the defendant went with him and Blades after the whiskey in a Ford car; that they paid him thirty dollars for the whiskey; that, after they went after the whiskey, they brought Hazel back home and put him out at his house.

Jeff Sams, a witness for the defendant, testified that he remembered the day that Blades and Walls were arrested; that on that day he went to Bloomburg; that he passed defendant's house about ten o'clock; that he stopped and stayed there a few minutes, and went on to Bloomburg; that he went in a hack, and got there between eleven and twelve; that he did not see Walls either at defendant's house or on his way to or from Bloomburg, but said he did not know what Hazel or Walls were doing that afternoon.

Ed Garrett, a witness for the defendant, testified that he went to Bloomburg with Jeff Sams, but didn't see Marvin Hazel, and didn't see Walls, and didn't know whether he took him off and brought him back or not.

John Massey, another witness for the defendant, testified that he spent most of the day at defendant's house, and did not see the defendant when he got in the roadster automobile with two other men and went off and came back, but he would not say that he did not do so.

Looney Walls was recalled for further cross-examination, and testified that he went the main road from Bloomburg to defendant's house; that he doesn't know what time they left Bloomburg, but it was after lunch time.

The defendant, in his motion for a new trial, contends that the verdict of the jury was contrary to the evidence and contrary to the law. In answer to this contention it is only necessary to say that one witness testified that he bought whiskey from the defendant, and that there was no testimony introduced that contradicted this, and it was a question of fact for the jury to determine, and the testimony of this witness, if believed by the jury, would be sufficient to sustain the verdict. As to whether the verdict of the jury is contrary to law, of course, depends upon whether there was error in the court's instructions.

Appellant's next ground for a motion for a new trial is because he alleges that the court erred in refusing to give a peremptory instruction. He then complains in his motion for a new trial because he says the court erred in refusing to give instructions No. 7, No. 9, No. 10, and in modifying No. 10, and because the court erred in refusing to give instruction No. 11, requested by the defendant.

Instruction No. 7 contained a statement that, if the facts and circumstances could be explained in any reasonable way consistent with defendant's innocence, he would be entitled to an acquittal, and this statement in the instruction made it erroneous, because, no matter what the circumstances may have been, or rather the circumstances might have been, consistent with his innocence, still the jury would not be instructed to find him not guilty because of this when there was direct testimony that witnesses had bought whiskey from him. In

other words, while the instruction might have been proper in a case depending entirely on circumstantial evidence, it was not proper in this case. *Rogers* v. *State,* 163 Ark. 252, 260 S. W. 23; *Green* v. *State,* 38 Ark. 304; *Logi* v. *State,* 153 Ark. 317, 240 S. W. 400.

In the last mentioned case the court said:

"Where circumstantial evidence alone is relied on to establish the guilt of one charged with crime, such evidence must exclude every other reasonable hypothesis than that of the guilt of the accused.* * * A conviction resting upon evidence which fails to come up to the standard prescribed by law is contrary to law, and it is the duty of the court to set aside the verdict."

It must be remembered that, in the above case, it was held that circumstantial evidence alone was relied on, and, as we have said, that was not this case. In this case there was direct evidence, a witness swearing that he bought whiskey from the defendant, and the court did not err in refusing to give appellant's instruction No. 7.

For the same reason instruction No. 9 was properly refused. It also was an instruction that might have been proper where the State relied on circumstantial evidence alone. Moreover, this instruction was covered by the court's instruction on reasonable doubt.

Instruction No. 10 was amended by the court by striking out the words "amounting to a moral certainty."

In the case above referred to, *Green* v. *State,* the court said:

"It was putting it very strong to require the State not only to prove the guilt of the accused beyond a reasonable doubt, but to go further and prove it to the exclusion of every other hypothesis. Either would be sufficient. The court expressed the rule sufficiently strong, and, as to the law of doubts, fully instructed the jury in its charge."

In this case the court expressed the rule sufficiently strong, and, as to the law of doubts, fully instructed the jury in its charge as to reasonable doubt. And, for that reason, instruction No. 11 was properly refused as asked,

and the court committed no error in giving the instruction as amended.

Appellant's next ground for a new trial is because of a statement made to the jury, but the statement contained in the motion for a new trial is not in the bill of exceptions anywhere and is not contained in the record, except in defendant's motion for a new trial. And that is true of appellant's contention about the qualification of juror Harris. The court did not err in overruling defendant's motion for a continuance. Two of the witnesses, on account of whose absence the continuance was asked, were present and testified, and, according to defendant's statement in the application for a new trial, the absent witnesses' testimony would have been cumulative. In addition to this it may be said that the granting or refusing a motion for continuance is in the discretion of the trial court, and it does not appear that the discretion was abused.

While the appellant filed no abstract and brief, we have very carefully examined the entire record and find no reversible error. The judgment of the circuit court is therefore affirmed.