BARTON *v.* STATE.

Opinion delivered October 24, 1927.

1. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction of grand larceny.

2. CRIMINAL LAW—CROSS-EXAMINATION—HARMLESS EORROR.—A question asked the witness on a cross-examination whether he was opening up a certain place to sell whiskey, and if that was what he was getting ready to do there, *held* harmless error, in view of his denial and the court's instruction to the jury that his answer could be considered only as affecting his credibility.

3. WITNESSES—CROSS-EXAMINATION.—A witness may be asked on cross-examination touching his recent and present residence, occupation and association for the purpose of enabling the jury to pass upon his credibility as a witness.

4. CRIMINAL LAW—DISCRETION AS TO CROSS-EXAMINATION OF WITNESS.—Trial judges are intrusted with discretion in the examination of witnesses as to their present residence, occupation and association, and the exercise of such discretion will not be reviewed except for abuse thereof.

5. CRIMINAL LAW—REFUSAL OF INSTRUCTION ON CIRCUMSTANTIAL EVIDENCE.—Refusal to instruct on circumstantial evidence in a prosecution for larceny was not error where the prosecution did not rely wholly upon circumstantial evidence.

Appeal from Miller Circuit Court; *James H. McCollum,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant was tried on an indictment charging him with having stolen five automobile casings and inner tubes, the property of Tom Burroughs. He was convicted, and given a sentence of one year in the State Penitentiary, and has appealed.

The errors assigned for the reversal of the judgment are, (a) that the testimony is not sufficient to sustain the verdict; (b) that the court erred in permitting the prosecuting attorney to ask appellant, on his cross-examination as a witness in his own behalf, certain improper questions; and (c) that the court erred in giving and in refusing to give certain instructions.

As to the sufficiency of the testimony to support the verdict, it may be said that the testimony on the part of the State was to the following effect:

Burroughs testified that the casings and tubes were stolen from his place in Garland City, and were later found in the possession of one Orvil Richardson, and were later returned to witness. J. R. Whitlow testified that he found four of the casings and tubes at the home of Orvil Richardson, in the rear end of a Ford roadster, and that none of the tubes had any air in them at that time.

The indictment did not allege that any rims were stolen at the time the casings and inner tubes were taken, but Burroughs testified that some rims were also taken, and Whitlow testified that these rims were found at the home of J. D. Kyle, who is appellant's father-in-law. Lish Green testified he was with appellant on the night of May 28, the night the larceny was committed, in Garland City, and that appellant drove the car in which they had been riding to an alley which ran back of Burroughs' house, between twelve and one o'clock at night. That appellant got out of the car and went to the alley towards Burroughs' house, and, in a short time,

returned with the casings and inner tubes and some rims, which he placed in the back of his Dodge roadster. Witness did not know, when appellant left the car, where he was going, or what he intended to do, or where he had got the casings, etc. After the casings, tubes and rims had been placed in the car they drove to the home of Orvil Richardson, where they spent the night and where they remained until the following afternoon, and appellant sold the casings and inner tubes to Richardson for twenty dollars cash. Witness did not get any part of the money and was not concerned in the larceny or sale.

Richardson testified appellant told him he had some casings and tubes at the garage of John Kyle which he wished to sell, and that he bought them without knowing they had been stolen. That the casings were slightly worn, but were worth as much as $20, the price he paid for them.

Appellant testified as a witness in his own behalf, and denied taking the property alleged to have been stolen, and denied having any knowledge concerning it. He also testified that there was not room in his car to have carried all of the casings and tubes and rims alleged to have been stolen, and certain other witnesses gave testimony tending to exculpate appellant from any connection with the larceny. Among these witnesses was the mother-in-law of the appellant, who testified that the rims found at her home were brought there by a man named Strong, who placed them in an out-house which they used as a junk room.

During the cross-examination of appellant he was asked by the prosecuting attorney if he had not been convicted on the charge of selling whiskey, and he admitted that he had. He was then interrogated concerning a house which he had built at Garland City, and which he said was intended for a filling station, short-eating orders and a little confectionery. The prosecuting attorney then asked appellant, "I want to ask you if you are not opening up that place to sell whiskey, and that is what you are getting ready to do there?" The court

overruled an objection to the question, and appellant answered "No sir."

Appellant asked instruction number 10, which reads as follows:

"10. If you believe from the evidence in this case that Lish Green and Orvil Richardson (or either of them) were accomplices in the commission of the offense for which defendant Barton is being tried, you cannot convict him upon their testimony, unless corroborated by other evidence tending to connect defendant with the commission of the offense, and (as in case of any other accomplice) the corroboration is not sufficient if it merely shows that the offense was committed, and the circum-stances thereof."

The court struck out the words inclosed in the paren-theses, and gave it as modified, and appellant excepted to the modification.

After thus modifying the instruction, the court gave an oral instruction which reads as follows:

"The instruction No. 10 I have just read to you, with respect to an accomplice—that is, if you believe from the evidence the witness Lish Green or Orvil Richardson were accomplices, you could not convict on their testimony, unless corroborated. With respect to an accomplice you are told that, if you find that either one of these witnesses were accomplices, then you must not convict the defendant on the particular testimony of that witness, unless it is corroborated by other testimony tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the crime and the circumstances thereof."

Appellant also prayed an instruction number 7, which reads as follows:

"7. Before you can convict defendant, all the facts and circumstances, when taken together, must be incon-sistent with any reasonable hypothesis except that he is guilty. In other words, if all the facts and circumstances proved may be true, and cannot be explained in any

reasonable way consistent with defendant's innocence, he should be convicted. But if they can be explained in any reasonable way consistent with defendant's innocence, he is entitled to an acquittal."

The court refused to give this instruction, and an exception was saved to that action. Other facts will be stated in the opinion.

· *Hamiter & Upton* and *McKay & Smith,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

Smith, J., (after stating the facts). In addition to the testimony stated above, two witnesses for appellant testified that they saw appellant in a Dodge roadster in and near Garland City at about midnight and at a later hour, in company with Green and Ernest Richardson, a brother of Orvil Richardson, and it was also shown that the casings had been recently removed from the rims found at Mrs. Kyle's house, and that the casings sold Orvil Richardson fitted these rims perfectly. We think this testimony legally sufficient to support the conviction.

The question asked appellant, on his cross-examination, touching the use which he proposed to make of the building which he had erected at Garland City, should probably not have been asked, but we do not think it constitutes prejudicial error calling for the reversal of the judgment. The question was asked appellant on his cross-examination, and the court told the jury the answer could be considered only as affecting the credibility of the witness, and, when he answered the question, he denied that he was about to open up the place for the sale of intoxicating liquors.

A witness may be interrogated on his cross-examination touching his recent and present residence, occupation and association, for the purpose of enabling the jury to pass upon his credibility as a witness. *Hollingsworth* v. *State,* 53 Ark. 387, 14 S. W. 41. The court, in permitting the question to be asked, remarked that the answer could be considered for this purpose only, and, when the

question was answered, the witness denied he was about to engage in a violation of the law.

Trial judges must be intrusted with some discretion in examinations of this character, and we reverse only where an abuse of this discretion is shown. Care should be used in the exercise of this discretion to see that the prosecuting attorney does not, by insinuation, ask questions which are not intended to show the present or recent association or occupation of the witness, but, as we have said, we think no abuse of this discretion appears.

According to the testimony of Green and Orvil Richardson, they were not accomplices, and, if they were not, their testimony did not require corroboration, but, even though they were, we think there was sufficient testimony corroborating them to sustain the conviction. The court gave, at appellant's request, an instruction defining accomplices. We think the court might very well have given instruction No. 10 as requested, but that no error was committed in the modification made, in view of the oral instruction set out above. The jury might have found that neither Green nor Richardson was an accomplice, or that Richardson was not an accomplice, even though Green was, and, if Richardson was not an accomplice, his testimony would not require corroboration, even though that of Green did. We think that the oral instruction makes it clear that a conviction could not be had upon the uncorroborated testimony of a witness found to be an accomplice, but that the corroboration would be required only as to the testimony of the witness found to be an accomplice.

No error was committed in the refusal to give instruction numbered 7, set out above. We have held it was not improper to give such an instruction where a conviction was asked solely upon circumstantial evidence. *Hazel* v. *State*, 174 Ark. 1078, 298 S. W. 357. But the prosecution in this case did not rely wholly upon circumstantial evidence.

We have held, however, that it is not improper to refuse to give such an instruction, even in cases where

conviction was asked wholly upon circumstantial evidence, where the jury was properly instructed as to the burden of proof resting on the State to establish the guilt of the accused beyond a reasonable doubt, and where reasonable doubt was properly defined. *Rogers* v. *State,* 163 Ark. 252, 260 S. W. 23; *Bost* v. *State,* 140 Ark. 254, 215 S. W. 615; *Cooper* v. *State,* 145 Ark. 403, 224 S. W. 726; *Cummins* v. *State,* 163 Ark. 24, 258 S. W. 622; *Barker* v. *State,* 135 Ark. 404, 205 S. W. 805; *Garrett* v. *State,* 171 Ark. 297, 284 S. W. 734; *Rogers* v. *State,* 163 Ark. 252, 260 S. W. 23.

Certain other errors are assigned which we think do not require discussion.

As no prejudicial error appears, the judgment of the court below must be affirmed, and it is so ordered.