## YOUNG V. STATE.

1. ROBBERY : *How committed: Indictment.*

Robbery may be committed either by force or intimidation; and it is sufficient to charge it in either form. Clary v. State, 33 Ark., 561.

2. CONFESSIONS. *Admissibility of: Robbery.*

On the trial of an indictment for robbery, a witness testified that on the next morning after the robbery was committed, an officer told him that "he was on to the fellows that committed the robbery; and if they didn't put up or whack up with him some of the money they had, he would pull the whole party;" that the officer did not give the names of the persons suspected; that on the same morning the defendant and several others were at the the witness' house and he repeated to them what the officer had said ; that on the night following, defendant and two others who had heard him repeat what the officer said, went to the witness' house and calling him out, gave him eight dollars and requested him to give it to the officer "to hush the robbery up." *Held :* That this testimony was properly admitted.

3 SAME: *Same :*

The defendant was convicted upon an indictment which charged him with the robbery of one Elmore. On the trial an officer testified that, when he arrested the defendant he asked him who helped him to rob Elmore, and he replied, " Will Allen and Alf. McNair;" that the defendant then said, "he would like to pay a fine and get out of it;" and that he, (the officer) made no threats or promises to the defendant and offered no inducements to him to make any confession. *Held*: That such testimony related to a voluntary confession and was admissible.

Young v. State.

APPEAL from *Pulaski* Circuit Court.
J. W. MARTIN, Judge.

*F. T. Vaughan,* for appellant.

1. The indictment fails to allege that the person robbed "was put in fear." 1 *Whart. Prec. Ind. & Pleas,* sec. 410 et seq.; 1 *Whart. Cr. Law,* sec. 857; 39 *Ill.,* 233; *Bish. Dir. & Forms,* secs. 931-2, &c.

2. Anthony's and Paine's testimony should have been excluded. The statements made by defendant in this connection, and his acts were induced by a belief that he was to derive a benefit therefrom, viz: "that the robbery would be hushed up." *Whart. Cr. Ev.,* secs. 646, 650-1-3, note 6; 10 *Grat.,* 734; 2 *Humph.,* 39; 5 *Cush.,* 605; *Corley v. State, Ante,* 305. Without this evidence there was none to sustain the verdict.

*D. W. Jones, Attorney-General,* for appellee.

It was not necessary to allege that Elmore was "put in fear." *Mansf. Dig.,* sec. 1589; 33 *Ark.,* 561; *Bish. Cr. Proc.,* 948.

2. The testimony of Anthony and Paine was competent. The disclosures were voluntary. The disclosure to Anthony was made before he was under arrest. Neither of them gave him any hope, or inflicted upon him "the torture of fear." 19 *Ark.,* 156; 14 *Id.,* 556; 34 *Id.,* 650; 35 *Id.,* 35. See also 28 *Ark.,* 121.

But without the testimony of Anthony and Paine, there was evidence to sustain the verdict.

BATTLE, J. Young was indicted by the grand jury of Pulaski county for robbery. It is alleged in the indictment that he and two others, on the 1st day of July, 1887, in and

upon one Aaron Elmore wilfully and feloniously did make an assault, and fifty-eight dollars, describing it, and one hat, of the value of one dollar, and two pocket knives, worth one dollar, of the goods and chattels of said Aaron Elmore, from the person of said Elmore, "by force and against his will, feloniously, forcibly and violently did rob, steal, take and carry away, against the peace and dignity of the state of Arkansas." Young was convicted in the manner and form charged in the indictment. He moved for arrest of judgment and for a new trial, both of which were denied and he appealed.

It is urged that the indictment is insufficient, because it is not alleged therein that Aaron Elmore "was put in fear" But this was not necessary as held by this court in *Clay v. State*, 33 *Ark.*, 561. To constitute robbery the taking may be by force or a previous putting in fear, and it is sufficient to charge it in either form.

Elmore was robbed in the night, between one and two o'clock, by three persons. It was dark. He did not know their names, and was unable to recognize any of them, except Young, when they were afterwards arrested. Immediately after he was robbed he informed one Paine, an officer, of what had occurred. One Tony Anthony testified, in the trial, that on the next morning after the robbery was committed, Paine told him that "he was on to the fellows that committed the robbery, and, if they didn't put up or whack up with him some of the money they had, he would pull the whole party;" that Paine did not give the names of the persons suspected; that on the same morning, Young and several others were at his, Anthony's house, and he repeated to them what Paine had said; that on the night following, about half past eleven o'clock, Young and two others, who had heard him repeat what Paine said, went to his house and called him out and gave him eight dollars, and request-

·ed him to give it·to Paine. "to hush the robbery up," which he did and told Paine who gave it to him. Appellant moved to exclude this testimony, which the court refused to do.

Paine testified that when he arrested Young he asked him who helped him to· rob Elmore, and he replied, "Will Allen and Alf, McNair;" that Young then said "he would like to pay a fine and get out of it;" and that he, Paine, made no threats or promises, and offered no inducement to Young to make any confession or admission. Appellant moved to exclude this testimony and the court denied his motion.

Appellant now contends that the court erred in refusing to exclude the testimony of Anthony and Paine because it relates to involuntary confessions and is inadmissible.

The well established rule is, "that confessions of guilt, to be admissible, must be free from the taint of official inducement proceeding either from the flattery of hope or the torture of fear." The object of this rule is not to conceal crime, but to protect the accused from the effects of a false confession induced by the hope of gaining, thereby, relief or some temporal advantage. A confession made in the absence of any threat of temporal injury or promise of a temporal reward or advantage,, in respect to the charge against him—in the absence of such influence as might swerve him from the truth—would be voluntary and admissible as evidence against the accused. Under such circumstances it would be unreasonable for him to make admissions calculated to bring upon himself the consequences of crime, unless they were true. *Wharton's Criminal Evidence, secs.* 623–674, *and cases cited.*

In this case it appears that Young was at large. He was not suspected, so far as the evidence discloses, of being concerned in the robbery of Elmore. There was no necessity for his making: any confession. He could gain nothing thereby, except make his guilt known. and cause his

arrest. If innocent there could be no inducement in what was said to Anthony to cause him to make a false confession —to swerve him from the truth. There was no threat to arrest or prosecute any one, except the guilty; no one was charged with the robbery; no one, except the guilty, had cause to fear arrest, and the only reason they had was their own sense of guilt. We can see no reason why the testimony of Anthony should have been excluded.

When Young was arrested by Paine all hope of advantage or relief in what was said to Anthony vanished. If he had been led to believe that Paine would not arrest or prosecute him, because of the money paid, that illusion had been dispelled by his arrest. Anything said by him to Paine by way of confession is not referrable to what Paine said to Anthony and was voluntary and admissible against him.

In explanation of his paying money to Anthony for Paine appellant testified that Anthony told him that Paine said he knew who committed the robbery, and that if he and others "did not put up," Paine would arrest all of them for gambling, and that they would have to employ an attorney to defend them. He further testified he did not say what Paine testified he said to him.

Apart from so much of the testimony of Paine and Anthony as we have stated, there was evidence sufficient to sustain the verdict of the jury. There is no complaint here that the instructions of the court to the jury were erroneous.

Judgment affirmed.