## SONNY TYSON v. UNITED STATES.

No. A-634. Opinion Filed April 10, 1912.

(122 Pac. 733.)

1. ROBBERY—Criminal Prosecution—Sufficiency of Evidence. In a prosecution for assault with intent to rob, the evidence is held sufficient to support the verdict and that no reversible error was committed on the trial.

2. SAME — Indictment — Assault with Intent to Rob. An indictment for assault with intent to rob need not state what the defendant intended to take, nor that he intended to deprive the owner thereof, nor is it necessary to allege ownership in the party assaulted; mere possession in him being sufficient.

3. SAME — Instructions — Sufficiency. The instructions of the court, taken as a whole, fairly stated the rules and principles of law applicable to the issues involved.

4. SAME — Indictment — "Rob." In the statute relating to assault with intent to rob, and an indictment following its language, the term "rob," is used in its common-law sense.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County; Robinson McMillan, Judge.*

Sonny Tyson was convicted of assault with intent to rob, and appeals. Affirmed.

*Carr & Field,* for plaintiff in error.

· *Chas. West,* Atty. Gen. and *Smith C. Matson,* Asst. Atty. Gen., for the United States.

DOYLE, J. The plaintiff in error was convicted in the district court of Garvin county of the crime of assault with intent to rob, and was sentenced to serve a term of three years in the state penitentiary. The judgment was entered May 13, 1909.

The record shows that the conviction was had on an indictment returned by a grand jury in the United States court in the Indian Territory for the Southern district of said territory, at the October term, 1906, and that the case was pending in said court at the time of the admission of Oklahoma as a state. That the case was assigned for trial at the March, 1909, term of the district court of Garvin county, and the defendant defaulted and was subsequently re-arrested. The record further shows that upon arraignment defendant entered a plea of not guilty, that subsequently, without permission to withdraw his plea, a general demurrer to the indictment was filed, which demurrer was overruled.

· The Supreme Court of Arkansas directly passed upon the sufficiency of an indictment in nearly the identical language employed herein, holding the indictment good. *Traver v. State,* 72 Ark. 524, 81 S. W. 615. See, also, McClain, Criminal Law, pars. 228 and 281.

The prosecution here was under the Arkansas statute. The indictment follows the language of the statute. The term "rob" is used therein in its common-law sense and has a well-defined meaning. 2 Russell on Cr. par. 76. The indictment is sufficient and the demurrer thereto was properly overruled.

The second assignment is that:

"The court erred in refusing to sustain the demurrer of the defendant to the evidence introduced in support of said indictment."

On the part of the prosecution, John C. Roberts, whom it is alleged in the indictment the defendant assaulted with a pistol with intent to rob, testified that at the time in question he was bookkeeper for the Butts Lumber Company at Wynnewood, Ind. T.; that he had known the defendant seven or eight years; that the day before the assault the defendant sat around the lumber office all the afternoon and watched witness make up $200 or $300 in $5 and $10 bills, and put it in the safe. That the next night about 8 o'clock witness was working in the office with the door locked and the safe open and the blinds up, when some person rattled the door, and the defendant said: "Let me in, please, the door is locked." That he knew the defendant's voice and opened the door to let him in. As the defendant came in he had a gun in his hand and witness pushed the door to and caught him in the door, that they scuffled until the glass was broken out of the door; that the defendant finally got loose, rushed in and said, "God damn you, I got you where I want you, throw up your hands, or I will blow your brains out"; that the defendant rushed out the door, and several people hearing him hallooing appeared upon the scene.

The defendant's counsel insist that the proof wholly fails to show what the intent of the defendant was in making the assault. The court in overruling the demurrer said: "The jury have the right to judge from all the surrounding circumstances the intent of the defendant."

What intent existed in the mind of the defendant at the time of the assault can only be determined by his acts, manner, and conduct at the time, together with the surrounding circumstances. His intent was therefore a question of fact for the jury. The demurrer to the evidence was very properly overruled by the trial court.

The instructions given correctly state the law of the case, and the objections thereto are without merit.

Perceiving no prejudicial error in the record, the judgment of the district court of Garvin county is affirmed, and the

cause remanded thereto forthwith, with direction to enforce its judgment and sentence therein.

FURMAN, P. J., and ARMSTRONG, J., concur.