SUTTON *v.* STATE.

Opinion delivered February 11, 1924.

1.  CRIMINAL LAW—CREDIBILITY OF WITNESSES.—The jury are the judges of the credibility of the witnesses.

2.  ROBBERY—SUFFICIENCY OF EVIDENCE.—In a prosecution for robbery, evidence *held* sufficient to sustain a conviction.

3.  ROBBERY—SUFFICIENCY OF FORCE.—Whenever the element of force or putting in fear enters into the taking of the property, and is the cause that induces the owner to part with it, the taking is robbery, no matter how slight the act of force or the cause creating the fear may be, nor by what other circumstances the taking may be accompanied.

4.  CRIMINAL LAW—CONFESSION.—A confession of accused voluntarily made to the sheriff was admissible against him.

5.  ROBBERY—LIABILITY FOR ACTS OF COMPANIONS.—In a prosecution for robbery, where testimony showed that the complaining witness was first put in fear of his life by accused, and then his property was taken by accused's companions, under his direction, it was immaterial that accused's companions also were not indicted.

6.  ROBBERY—INSTRUCTION.—In a robbery case, an instruction which used the words "feloniously and violently" following immediately after the words "steal, take and carry away," *held* not misleading as calculated to lead the jury into believing that they were directed to find defendant guilty under circumstances which would make him guilty of larceny only.

7.  ROBBERY—DEFINITION.—"Robbery" is larceny either by force or by intimidation, and it is sufficient to charge it in either form.

8.  CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—It was not error to refuse requested instructions fully covered by the court's charge.

Appeal from Saline Circuit Court; *Thomas E. Toler,* Judge; affirmed.

*N. A. McDaniel,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie,* Assistants, for appellee.

HART, J.  Dave Sutton prosecutes this appeal from a judgment of conviction against him for the crime of robbery.

We shall first direct our attention to the question of whether the evidence is sufficient to have warranted the jury in returning a verdict of guilty.

John Douglass, the person charged to have been robbed, is twenty-one years old, and lives in Saline County, Arkansas. According to his testimony, on the 28th day of July, 1922, he carried a family to their home, about fifteen miles away from his father's house, and started home with the car something after twelve o'clock at night. As he went down the road he noticed a car parked on the side of the road, and, when he came up with the car, Dave Sutton got out of it and stopped the witness. Sutton said that he was the "law," and wanted to search the car of John Douglass for whiskey. Sutton searched the car, and claimed that he found a pint of whiskey under the back seat. Douglass denied having any whiskey in the car, and then Sutton got into the car with Douglass and told him that he would have to take him to Little Rock. Sutton finally demanded three dollars from Douglass, and the latter replied that he had no money. There were other men in Sutton's car, and they asked Sutton if he had found any whiskey. Sutton replied that he had, and asked them to come over to the car. Sutton and Douglass were still talking about Douglass giving Sutton three dollars. Sutton finally said, "Here are some casings (referring to some casings on Douglass' car), and we will just take one of them." The casings were tied on the side of the car. They took one of the casings away with them, while Sutton was sitting on the front seat with Douglass. Sutton told Douglass that, if he had not stopped his car when ordered to do so, he would have shot him. Sutton and the men with him told Douglass to go on down the road, and not look back.

On cross-examination, Douglass said that he had known the defendant for more than fifteen years. He admitted that he did not see any gun on the defendant, but just thought that the defendant might shoot him, because he had said that he would do so. He saw Sutton's associates taking the casing off of his car, and never said a word to them. Douglass was asked what caused him to think that Sutton would rob him, or why

he had any fear of him. He answered, "Well, he said he was the 'law,' and I was afraid to say anything. I was afraid he would shoot me." This all happened in Saline County, Arkansas.

Ben Cox was also a witness for the State, and we quote the whole of his testimony as follows:

"My name is Ben Cox. I am the sheriff of Saline County, Arkansas, and I had a conversation with the defendant, Dave Sutton, just a few days ago; will say that he came to me and seemed to be trying to get advice as to what to do. Sutton told me they got the casing all right; he seemed to be trying to get advice as to whether he should tell on the others. Cross-examination: Mr. Cox, did Dave Sutton tell you that he robbed Mr. Douglass? A. I understood him to mean that they robbed him. That is what he said."

The defendant denied that he had robbed Douglass of the automobile casing, as testified to by him, and stated that he was at the home of a Mr. Grimmett on the night Douglass claimed that he was robbed. He admitted having in his possession the casing which Douglass testified about, but stated that he had found it, and sold it to another person for a dollar and a half. His testimony that he stayed all night with Mr. Grimmett on the night of the robbery and could not have been at the scene of the robbery, was corroborated by the evidence of Mr. and Mrs. Grimmett and two or three other persons.

The jury were the judges of the credibility of the witnesses, and the evidence for the State was sufficient to support the verdict.

Whenever the element of force or putting in fear enters into taking of the property and is the cause that induces the owner to part with it, the taking is robbery, no matter how slight the act of force or the cause creating the fear may be, nor by what other circumstance the taking may be accompanied. It is sufficient that the putting in fear overcomes the resistance on the part of the person from whom the property is taken, and is the moving cause inducing him to part unwillingly with his

property. *Clary* v. *State,* 33 Ark. 561; *Young* v. *State,* 50 Ark. 501, and *Routt* v. *State,* 61 Ark. 594.

In addition to the testimony of Douglass, the sheriff was a witness for the State. On his direct examination he stated that Sutton told him that they got the casing all right. On cross-examination he was asked if Sutton had told him that he robbed Douglass, and answered: "I understood him to mean that they robbed him. That is what he said." This amounted to a confession on the part of the defendant. According to the testimony of the sheriff, it was voluntarily made, and was therefore admissible as evidence against him. *Young* v. *State, supra; Dewein* v. *State,* 114 Ark. 472, and *Jenkins* v. *State,* 131 Ark. 312.

It is next insisted that the court erred in giving instruction No. 1. The instruction is as follows:

"You are instructed that robbery is the felonious and violent taking of any goods, money or other valuable thing from the presence of another by force or intimidation, and that the manner of the force or the mode of intimidation is not material, further than it may show the intent of the offender; and if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant and his associates, in Saline County, Arkansas, and within three years next before the filing of the indictment in this case, did, as alleged in said indictment, by force or intimidation, steal, take and carry away, feloniously and violently, the said automobile casing, you will find the defendant guilty and fix his punishment in the State Penitentiary at a period of not less than three nor more than twenty-one years."

Counsel for the defendant made a specific objection to the instruction, because the defendant was not jointly indicted with any other persons, and therefore he insists that he had no associates. According to the testimony of Douglass, he was first put in fear of his life by Sutton, and then the casing was taken from the side of the car by the companions of Sutton, who acted under his direction. It is fairly and legally inferable from the testimony

of Douglass that he was put in fear of his life by the defendant, and that the other parties, who actually took the casing from the side of the car, acted under the directions of the defendant and jointly with him in taking it. Therefore it did not make any difference whether these other persons were indicted jointly with the defendant or not. The defendant could not have escaped punishment because of this fact, or because the persons associated with him might not have been indicted at all.

It is next insisted that the instruction is misleading because the words feloniously and violently, following immediately the words, "steal, take and carry away," were calculated to mislead the jury into believing that they were directed to find the defendant guilty of robbery under the circumstances which would only make him guilty of larceny of the casing.

We do not think the instruction is open to this objection. It tells the jury, in plain terms, that, before the defendant could be found guilty, it must find that he, by force or by intimidation, did steal, take and carry away the automobile casing. Robbery is larceny by force or by intimidation, and it is sufficient to charge it in either form. *Traver* v. *State*, 72 Ark. 524.

The instruction makes the guilt of the defendant depend upon whether he, by force or intimidation, did feloniously steal, take and carry away the automobile casing, and thus in all essential respects brought the acts of the defendant, as testified to by the witnesses for the State, within the definition of robbery given above.

The defendant also assigns as error the refusal of the court to give certain instructions asked by him, to the effect that, before it could convict him, it must find that there was a forcible taking of the automobile casing, in his presence, against his will, by violence, or by putting him in fear. We do not deem it necessary to set out these instructions, for they are fully covered by instructions Nos. two and three, given at the request of the defendant.

Instruction No. 2 reads as follows: "The jury are instructed that, to constitute robbery, the taking must be either directly from the presence or in the presence of the party robbed, and must be by force or putting in fear, and that if you believe, from the evidence in this case, that the defendant did not have the plaintiff under fear or violence at the time the automobile casing was taken, then you are instructed to find the defendant not guilty."

Instruction No. 3 is as follows: "You are instructed that, if you find from the evidence in this case that the defendant did get into the seat of the automobile, and was in there, and you further find that John Douglass was not still under fear of any dangerous weapon or of threats, and you further believe, from the evidence in this case, that other parties had got on the running board of the car and took the casing from the car, and, at the time of the taking, the owner of the casing did not know it was being taken, then this did not constitute robbery, and you are told to acquit the defendant."

These instructions fully covered the theory of the defendant, and we have repeatedly held that the court is not required to multiply instructions on the same point.

We find no reversible error in the record, and the judgment will therefore be affirmed.