STOUT *v.* STATE.

Opinion delivered June 2, 1924.

1. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—Under Craw-
   ford & Moses' Dig., § 3181, requiring the testimony of an accom-
   plice to be "corroborated by other evidence tending to connect
   the defendant with the commission of the offense," it was not
   error to refuse to instruct the jury that "the corroboration must
   be such as to establish the commission of the offense by the
   defendant," as it is not required that the corroborating evidence
   be sufficient of itself to establish guilt.

2. CRIMINAL LAW—SUFFICIENCY OF CORROBORATION OF ACCOMPLICE.
   —Evidence *held* to be a sufficient corroboration of an accomplice.

Appeal from Jackson Circuit Court; *Dene H. Cole-
man,* Judge; affirmed.

*Gustave Jones,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,*
Assistant, for appellee.

SMITH, J.  Appellant was convicted of possessing a
still, and has appealed.  The testimony on the part of
the State was to the effect that some officers raided an
old unoccupied house about eleven o'clock one night, and
there arrested appellants, Walter Richards and Walter
Rudd.  Two other men who were in the house at the time
of the raid escaped.  The officers found a primitive still
in operation in one room, and in another room they found
a sixty-gallon barrel of mash about two-thirds full. There
was a fire in the stove for the purpose of boiling the mash,
and the room smelled of whiskey.

Richards testified that he and appellant owned the
still, and they had set it up to try to make some whiskey.
They found the mash was not ready to run, so they
poured a tubful of it back into the barrel out of which they
had poured the portion they attempted to use, and sat
down and commenced playing cards, and were so engaged
when they were raided.  Richards testified that the other
men, except appellant, were mere visitors.  He also testi-
fied that some coal oil was needed to make a light, and
that he waited at one Blankenship's house until appellant
went to a Mr. Field's house and procured the oil, and,

after getting the oil, appellant joined him at Blankenship's house, and they went together to the house where the still was found.

Appellant admitted that he was in the house at the time of the raid, but explained his presence there by saying that he had been to Mr. Field's house to borrow some oil, and, on his return, saw a light in the old house, and just went by to see what the light meant, and, upon entering, he was invited to play cards, and had been so engaged for about two or two and one-half hours when the officers came and made the arrests.

It is insisted for the reversal of the judgment that the court erred in giving an instruction numbered 2 on the subject of the sufficiency of testimony to corroborate an accomplice, and in refusing to give an instruction numbered 2 requested by appellant on that subject.

The instruction given reads as follows: "Now, gentlemen, I instruct you that the defendant could not be convicted on the uncorroborated testimony of the witness Richards, from the fact that the law makes him what is known as an accomplice, and the defendant could not be convicted on the uncorroborated testimony of the witness Richards. Before you would be authorized to find him guilty upon any of the testimony of Richards, there should be some other circumstances in corroboration, not necessarily another witness to testify, but the evidence of some state of facts, which you may consider as a corroboration; it must be such a corroboration as the circumstances or facts, outside of the testimony of this witness, Richards, shall tend to establish the offense charged; and if, from the testimony of Richards, together with these circumstances, if you find any such circumstances that tend to establish the guilt of the defendant, and his evidence, together with this corroboration, if you find there was such corroboration that convinces your mind, beyond a reasonable doubt, of his guilt, you would be authorized to find him guilty."

The instruction refused reads as follows: "It is not enough corroboration by the circumstances to show that

an offense was committed, but the corroboration must be such as to establish the commission of the offense by the defendant.''

We think the instruction given is a fuller and more correct declaration of the law than the one refused.

The statute to which the court referred requires that the corroboration of an accomplice must tend to connect the defendant with the commission of the offense, and that it is not sufficient if the corroboration merely shows that the offense was committed and the circumstances thereof. Section 3181, C. & M. Digest; *Earnest* v. *State,* 120 Ark. 148; *Cheek* v. *State,* 155 Ark. 500.

The instruction given told the jury there must be facts and circumstances outside of the testimony of Richards which tended to establish the guilt of the defendant, and this is all the law requires, whereas the instruction requested by appellant declared the law to be that "the corroboration must be such as to establish the commission of the offense by the appellant.''

This instruction would have required the jury to find that the corroboration itself must be such as to establish the commission of the offense by the defendant, which is not the law. If it were, the testimony of an accomplice would be of little value, as a conviction could not be had unless the corroborating testimony was itself sufficient to establish guilt.

As was said in the Earnest case, *supra,* the corroborating testimony must be of a substantial character—having probative value—which tends to show the guilt of the accused, and, if there is such corroboration, the requirement of the law is met.

Does the testimony here meet that requirement? We think that it does amply. Richards' testimony that appellant went for the oil is corroborated by appellant himself, although he assigned a different purpose for its use, but there was a light for which some one had furnished oil. Appellant was present, watching the processes then going on, and he admitted that he had been there for more than two hours, during all of which

time appellant and Richards were beguiling their watchful waiting with a game of cards, made possible by the oil which some one had furnished.

We think this is substantial testimony which tends to connect appellant with the crime charged, and, as no error appears, the judgment is affirmed.