STURDIVANT *v.* KA-DENE MEDICINE COMPANY.

Opinion delivered October 19, 1925.

1. CORPORATIONS—FOREIGN CORPORATION—DOING BUSINESS IN STATE. —In a suit on a promissory note, by a foreign corporation, an instruction that there could be no recovery if the appellee at the time of executing the note had not complied with the statutes with respect to the requirement that a foreign corporation file its articles of incorporation, was erroneous because there was

no evidence tending to show that plaintiff was doing business in the State, and because it ignored the question whether plaintiff was doing business in the State.

2. EVIDENCE—CORPORATE EXISTENCE—BEST EVIDENCE.—The original charter of a corporation is the primary evidence of its existence, and is competent evidence, though a certified copy could be admitted in its absence.

3. EVIDENCE—PAROL PROOF OF CORPORATE EXISTENCE.—Parol proof is admissible to prove corporate existence.

Appeal from Woodruff Circuit Court, Central District; *E. D. Robertson,* Judge; affirmed.

*E. M. CarlLee,* for appellant.

*Rogers, Barber & Henry* and *J. A. Tellier,* for appellee.

McCULLOCH, C. J. Appellee is a Tennessee corporation, and instituted this action against appellant to recover on a promissory note. Appellant, in his answer, denied the corporate existence of appellee, and also pleaded that the note was void because appellee was doing business in the State without having complied with the laws thereof by filing with the Secretary of State its articles of incorporation, etc.

The proof adduced by appellee established the fact beyond dispute that the original indebtedness of appellant was to C. A. Sanborn for the price of shares of stock in the corporation, that Sanborn sold the note to appellee, and that the note in suit was executed by appellant to appellee as a renewal of the original note. Sanborn testified as a witness in the case and showed that he was the president of appellee corporation, and he exhibited in evidence the articles of incorporation.

A peremptory instruction was requested by each party, and the court gave the instruction requested by appellee. Appellant also asked an instruction to the effect that, if appellee at the time of the execution of the note had not complied with the statutes of this State with respect to the requirement of a foreign corporation to file its articles or incorporation, there could be no recovery. The latter instruction was properly refused,

for the reason that there was no evidence tending to show that appellee was doing business in the State, and for the further reason that the instruction ignored the question whether or not appellee was doing business in the State, and told the jury that a mere failure to comply with the statute when the note was executed barred the right of recovery in the courts of this State.

It is contended that the corporate existence could not be proved by the exhibition in evidence of the original charter, and that a certified copy was the only means of proving the existence of the charter. The original charter is the primary evidence of its existence, and is competent proof, even though a certified copy could be admitted in its absence. 3 Encyclopedia of Evidence, p. 602; 1 Fletcher on Corporations, § 472. Moreover, the witness, who was president of the corporation, testified concerning the fact of incorporation, and we have held that parol evidence is admissible to prove corporate existence. *Kelley* v. *Stern Pub. & Nov. Co.*, 147 Ark. 383.

Judgment affirmed.