BROOKS AND GREGORY *v.* STATE.

Opinion delivered November 9, 1925.

1.  CONSPIRACY—NIGHT RIDING—SUFFICIENCY OF INDICTMENT.—Under Crawford & Moses Dig., § 2795, an indictment for confederating and banding together for the unlawful purpose of doing an unlawful act by destroying a certain dipping vat is not defective in failing to allege that pursuant to the act of banding together the accused went forth in the night time and then and there destroyed the vat.

2.  CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—An accomplice's testimony that defendants engaged him to join with them in blowing up a certain dipping vat and were near by when he went to the vat to execute such purpose was sufficiently corroborated to sustain a conviction of night riding by proof *aliunde* as to defendants' threatening attitude concerning the operation of the vat three days previously and by other testimony as to the close proximity of other persons when the accomplice was apprehended in the act of blowing up the vat.

3.  CRIMINAL LAW—READING STATUTE TO JURY.—Reading an inapplicable portion of the statute as to corroboration of accomplices was harmless where the court admonished the jury that such portion was inapplicable.

4.  CRIMINAL LAW—INSTRUCTION—GENERAL OBJECTION.—An instruction that testimony corroborating an accomplice need not be sufficient to convict, and that "if you find that there is enough corroboration, either by direct proof or circumstantial evidence, to convince you beyond a reasonable doubt that the defendants or either of them is guilty, you should convict; otherwise you should acquit"—*held* not open to a general objection.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Starbird & Starbird* and *Howell & Baughman,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McCULLOCH, C. J. Appellants were convicted of the crime of night riding, the charging part of the indictment being as follows:

"The said Logan Bowers, Joe Brooks and Lee Gregory in the county and State aforesaid, on the 13th day of April, A. D. 1925, being more than two persons, did wilfully, unlawfully and feloniously unite, confederate and band themselves together for the wilful and unlawful purpose of doing an unlawful act in the night time by then and there, wilfully, unlawfully, maliciously and feloniously injuring and destroying the dipping vat known as the Graham vat, situated in Crawford County, Arkansas, and against the peace and dignity of the State of Arkansas."

There was a demurrer to the indictment, which was overruled, and the ruling of the court in that regard is the basis of the first assignment of error presented on this appeal. It is contended that the indictment is defective in failing to allege that, pursuant to the act of banding together, the persons named went forth in the night time and then and there destroyed the vat. This was ruled against the contention of appellants in the case of *Scott* v. *State,* 114 Ark. 38, where the statute was analyzed, and it was held that the first section thereof (Crawford & Moses' Digest, § 2795) made it unlawful for two or more persons to unite, confederate or band themselves together for the purpose of "doing an unlawful act in the night time." We held that this constituted an offense, even though there was no consummation of the conspiratorial act.

It is next contended that there was no testimony corroborating that of the accomplice who testified in the case, and that for this reason the evidence is not sufficient to sustain the verdict. According to the testimony in the

case, P. B. Graham operated, near Graphic, in Crawford County, a dipping vat known as the Graham vat. Graham testified that on the night of April 13, 1925, he had reason to believe that the vat would be dynamited, that he went down into the approach to the vat to watch for intruders, and that, after waiting a while, Bowers approached, and he arrested Bowers and found that he had three sticks of dynamite in his hand. He stated that he heard voices, and other witnesses testified about discovering two tracks near the vat, which led away from that point. Bowers made a confession and implicated the two appellants. He testified that he had been living in the community only a few days and had arranged with a brother of appellant Gregory to work on a farm, and that the two appellants engaged him to join with them in blowing up the Graham vat and agreed to pay him five dollars for doing the work. Bowers testified that he and the two appellants went to the vat that night and stopped near by while he went in with the dynamite to blow up the vat. Graham's wife testified that immediately after her husband took Bowers in charge she heard voices a short distance away which sounded like the persons calling to each other through their cupped hands. This occurred on Sunday night, and Graham testified that on the Thursday before that date the two appellants, a brother of appellant Gregory and a man named Butler came to the vat to protest against having to dip their cattle. He testified to the following conversation with appellant Brooks in the presence of the two Gregorys: "Brooks was kicking about having to dip the cattle. He said it was not right to have to pay for dipping. I said, 'Joe, do you believe that a man ought to pay seventy-five dollars for making a vat and then pay a man to haul water and then not get anything for dipping?' He said that he knowed it was not right. Then I said that any man who is not willing to pay for dipping his cattle is a son-of-a-bitch." He testified that appellant Brooks had a club in his hand, and that, as the men walked away together, Brooks said, "This winds

up the little ball.'' The jury could have construed this testimony to be a threat and a protest against the operation of the vat. The substance of the witness' testimony was that these parties came to his vat that day in a belligerent mood, protesting against being compelled to dip their cattle, and that the last word uttered as they went away was, "This winds up the little ball." The fact that two other persons accompanied Bowers to the vat and were in close proximity when he was about to use the dynamite in blowing up the vat was established by the testimony of witnesses other than Bowers, the accomplice, and we are of the opinion that the threatening attitude of appellants with respect to the operation of the vat and the close connection of that incident with the overt act of the accomplice in attempting to commit the offense was sufficient corroboration to afford evidence legally sufficient to sustain the verdict. The weight of the testimony was a question for the jury, as it was sufficient to connect appellants with the commission of the offense which had been proved by other witnesses.

It is contended that the instruction of the court on the subject of corroboration of the accomplice was erroneous in reading the statute with reference to misdemeanors, but we think that there was no prejudicial error for the reason that the court stated to the jury that that part of the statute had no application.

The court gave the following instruction, which was objected to, and the ruling of the court is assigned as error:

"3. The court tells you that as a matter of law the witness Logan Bowers is an accomplice. Now, it is not necessary that the corroborating testimony be sufficient to convict the defendants or either of them without the testimony of an accomplice or of some circumstantial evidence, or both. But, if you find that there is enough corroboration, either by direct proof or circumstantial evidence, to convince you beyond a reasonable doubt that the defendants or either of them is guilty, you should convict. Otherwise you should acquit.''

There was only a general objection to this instruc-
tion. The substance of the instruction was that it was not
essential that the corroborating testimony be sufficient of
itself to justify a conviction. The last sentence of the
instruction is not in apt form, but it should have been
met with a specific objection.

There are other objections to the instructions, which
we do not consider of sufficient importance to discuss.
We are of the opinion that the evidence was legally suffi-
cient, and that there was no error in the court's charge.

Judgment affirmed.