EDWARDS *v.* STATE.

Opinion delivered September 27, 1926.

1. CRIMINAL LAW—OBJECTION NOT RAISED BELOW.—Objection that the name of a member of the grand jury was indorsed on an indictment for burglary as a State witness, and that he was cashier of the bank which was burglarized, cannot be raised for the first time on appeal by one who, being held to answer a criminal charge, was in the courtroom when the grand jury was impaneled and was afforded an opportunity to challenge any member of the panel.

2. BURGLARY—INDICTMENT—INTENT TO COMMIT GRAND LARCENY.—An indictment which charged that defendant unlawfully and feloniously entered a bank with unlawful intent to commit grand larceny by stealing and carrying away the personal property of the bank *held* sufficient.without describing the particular goods which defendant intended to steal or alleging their value.

3. INDICTMENT AND INFORMATION—BILL OF PARTICULARS.—In a prosecution for burglary and grand larceny, refusal to require the prosecuting attorney to furnish defendant with a bill of particulars *held* not error.

4. CONTINUANCE—ABSENCE OF WITNESSES.—It was not error to refuse a postponement of the trial for a few hours until some of defendant's witnesses should arrive, where defendant announced ready for trial without such witnesses being present.

5. CONTINUANCE—SURPRISE.—Defendant was not surprised, so as to be entitled to a continuance until some of his witnesses should arrive, by an accomplice testifying for the State and implicating him in the robbery, where the indictment served on defendant apprised him that the accomplice was jointly indicted with him, thereby putting him on notice that the accomplice might testify that defendant was present and assisting in the burglary.

6. BURGLARY—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of the offenses of burglary and grand larceny.

7. CRIMINAL LAW—CONFESSION.—A voluntary statement of defendant, while incarcerated in jail, to his wife to borrow money because, when he got out, he would rob another bank and have plenty of money, made in presence of a deputy sheriff, *held* admissible as in the nature of a confession.

8. CRIMINAL LAW—PROOF OF CORPORATE EXISTENCE.—In a prosecution for burglary and grand larceny from a bank, testimony of the cashier is admissible to prove the existence of the corporation.

Appeal from Hempstead Circuit Court; *James. H. McCollum,* Judge; affirmed.

*W. K. Oldham, Jr.,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J. Ray Edwards prosecutes this appeal to reverse the judgment of conviction against him for the crime of burglary and grand larceny.

The first assignment of error is that the court erred in not sustaining the defendant's motion to quash the indictment. The ground upon which this motion is predicated is that J. W. Butler, who was a member of the grand jury which indicted him, was indorsed on the indictment as a witness for the State, and was cashier of the bank which was charged to have been burglarized. The record shows that the defendant was in the courtroom when the grand jury was impaneled, and was afforded an opportunity to challenge any member of the panel, but did not do so. Section 3005 of Crawford & Moses' Digest provides, in effect, that every person held to answer a criminal charge may object to the competency of any one summoned as a grand juror for certain specified causes; and this court has held that, upon his fail-

ure to do so, he cannot raise the objection upon appeal. *Hudspeth* v. *State,* 50 Ark. 534, 9 S. W. 1; *Baker* v. *State,* 58 Ark. 513, 25 S. W. 603; and *Fox* v. *State,* 122 Ark. 197, 182 S. W. 906.

It is next contended by counsel for the defendant that the court erred in overruling the demurrer to the indictment. Two counts are contained in the indictment—one for burglary, and the other for grand larceny. The count for burglary charges that the defendant unlawfully and feloniously did break and enter the house of the Washington State Bank, with the unlawful intent to commit a felony, namely, grand larceny, by stealing and carrying away the personal property of said bank. It is contended that the indictment is defective because it does not describe the particular goods which the defendant intended to steal nor allege their value. This court has expressly held that, in indictments for burglary with the intent to commit larceny, it is not necessary to specify the particular goods which the defendant intended to steal, and said that such want of specification would not prevent a plea of former acquittal or conviction. *Davis and Thomas* v. *State,* 117 Ark. 296. For like reason, it is sufficient to allege that the defendant intended to commit grand larceny, which is a felony under our statute; and the indictment need not allege the value of the goods intended to be stolen.

It is next contended by counsel for the defendant that the trial court erred in not requiring the prosecuting attorney to furnish the defendant with a bill of particulars. There is no statutory provision requiring the prosecuting attorney to furnish the defendant with a bill of particulars, and such practice does not obtain in this State. Under our criminal code, the proceedings of the grand jury are required to be kept secret, but the minutes of the proceedings and the evidence kept by the grand jury may be delivered to the prosecuting attorney, but he is not required to disclose the same to the defendant.

The next assignment of error is that the court erred in refusing to postpone the trial for a few hours until some of the defendant's witnesses arrived. The record shows that one of the parties engaged in the burglary was a witness for the State, and testified that the bank was burglarized by himself, the defendant, and two other persons, acting together. The defendant interposed the defense of an alibi. Joe Mayfield had testified for the State that he was wounded while escaping after the bank robbery, and that the defendant had accompanied him to Little Rock and was present when he was treated by two physicians. The defendant claimed that he could prove by these physicians that he was not present on the occasion in question. The defendant claimed that he could also prove by the other absent witness that he was in Fort Smith, Arkansas, at the time of the burglary. The bank was entered on December 16, 1925, and the defendant was arrested in a few days, charged with having committed the burglary. An indictment was returned against him and Joe Mayfield, jointly, on the 8th day of April, 1926. The trial was commenced on the 14th day of April, 1926. The defendant announced ready for trial without the presence of the witnesses above named. If he intended to interpose the defense of an alibi, he should not have announced ready for trial until his witnesses to establish such defense were present. The defendant claims that he was surprised at Joe Mayfield testifying for the State and implicating him in the robbery. The indictment which was served upon the defendant informed him that Joe Mayfield was jointly indicted with him, and this put him upon notice that Joe Mayfield might testify that he was present and assisting in the burglary, if such was the fact. Under these circumstances, the trial court did not err in refusing to postpone the trial of the case.

The next assignment of error is that the evidence is not legally sufficient to support the verdict. The jury returned a verdict of guilty on both counts.

J. W. Butler was a witness for the State. According to his testimony, the Washington State Bank was a banking corporation situated in Hempstead County, Arkansas, and he was the cashier of it. The Washington State Bank was burglarized on the 16th day of December, 1925, and $7,000 in money and about $3,000 worth of Liberty bonds were stolen.

Joe Mayfield was also a witness for the State, and he testified that the defendant, two other persons, and himself committed the burglary and grand larceny charged in the indictment. He testified in detail about the commission of the crimes. It is earnestly insisted by counsel for the defendant that Joe Mayfield was an accomplice, and that his testimony was not corroborated as required by the statute.

Robert Evans, constable for the township in which Hope, Hempstead County, Arkansas, is situated, was also a witness for the State. According to his testimony, he saw the defendant and Joe Mayfield in Hope on the 15th day of December, 1925. This was on the day before the burglary, which occurred in the town of Washington, Hempstead County, Arkansas. The defendant and Mayfield stayed around the railroad station a good deal that afternoon. The witness recognized the defendant as being one of the parties he had seen in Hope, as soon as he went to the jail after the defendant had been arrested for the bank robbery.

R. A. Carrigan, a deputy sheriff of Hempstead County, was also a witness for the State. After the defendant had been arrested and placed in jail, charged with the burglary of the Washington State Bank, his wife visited him in jail several times. On one occasion she told the defendant she was tired of coming to see him, because she was having to borrow money to make the trips. The defendant replied, "Just go ahead and borrow some more money. When I get out of here, I'll rob another bank, and we will have plenty of money." This statement of the defendant to his wife was voluntarily made in the presence and hearing of the deputy sheriff,

and was in the nature of a confession. *Sutton* v. *State,* 162 Ark. 438, 258 S. W. 632.

The testimony of the deputy sheriff and of the constable tended to connect the defendant with the commission of the crime, and sufficiently corroborated the testimony of Joe Mayfield. *Brewer* v. *State,* 137 Ark. 243, 208 S. W. 290; *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995; *Cummins* v. *State,* 163 Ark. 24, 258 S. W. 622; *Stout* v. *State,* 164 Ark. 553, 262 S. W. 649; *Brooks and Gregory* v. *State,* 169 Ark. 770, 276 S. W. 858; and *Kelley* v. *State,* 169 Ark. 289, 273 S. W. 11.

It is also insisted that the evidence is not legally sufficient to support the verdict because the indictment alleges that the Washington State Bank is a banking corporation, and there is no testimony to establish that fact. J. W. Butler, who was cashier of the Washington State Bank, testified that it was a banking corporation, and this court has held that parol evidence is admissible to prove the existence of a corporation. *Sturdevant* v. *Ka-Deene Medicine Co.,* 169 Ark. 535, 275 S. W. 921; *American Trust Co.* v. *Netherlands-American Bank,* 169 Ark. 867, 276 S. W. 1010; and *Kelley* v. *Stern Publishing and Novelty Co.,* 147 Ark. 383, 227 S. W. 609.

The court told the jury that Joe Mayfield was an accomplice of the defendant, and gave the usual instructions with regard to the corroboration of the testimony of an accomplice required by our statute, as repeatedly construed by this court. The respective theories of the State and of the defendant were fully and fairly covered in the instructions given by the court.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.