OLD AMERICAN INSURANCE COMPANY *v.* JACKSON.

Opinion delivered March 28, 1927.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Though the verdict of a jury is against the weight of conflicting evidence, it will not be disturbed on appeal.

2. INSURANCE—RIGHT TO INTRODUCE BY-LAWS.—Where the answer in an action on a life insurance policy alleged that the insurer's by-laws were part of the contract, and generally denied the allegations of the complaint, *held* that insurer could introduce the by-laws to show that the liability was less than the amount claimed, though it would have been better pleading to allege specifically a limited liability provided in such by-laws.

3. PLEADING—INDEFINITENESS—REMEDY. — Where plaintiff deems defendant's answer indefinite and uncertain, his remedy is a motion to make it more definite and certain.

4   INSURANCE—LIMITATION OF LIABILITY—EVIDENCE.—Where an insurer alleged that its by-laws were part of its contract, and offered to prove by its by-laws a limitation of liability, refusal to admit such proof was error.

5.   EVIDENCE—PAROL PROOF OF CORPORATE BY-LAWS.—In an action under a life insurance policy which made the by-laws of insurer a part of the contract, it was competent to prove such by-laws by the president of the company.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; reversed.

STATEMENT BY THE COURT.

This suit was brought on a policy of the Old American Insurance Company issued by said company on the life of Buck Jackson to Jener Jackson, beneficiary.

It was alleged that the premium had been paid in accordance with the terms of the contract providing for payment of $1,000 to the beneficiary on the death of the insured; that the insured had died while the policy was in full force, and that proofs of death had been duly made, and the company had refused to pay the policy and denied liability thereunder.

The answer denies each and every material allegation in the complaint, except those specifically admitted; admits the issuance of the policy; alleged that the policy, application and by-laws of the company constituted the contract between it and Buck Jackson, insured; that both provide the insured, at the time of obtaining the policy, must be in good health, and all answers made in the application for insurance are warranties; that the insured had denied therein ever having had tuberculosis, lung trouble of any kind or influenza, and that he answered "No" to a question that he had been treated by a physician in the past two years; that the answers to these questions were false, and were warranties, but for which policy would not have been issued; and alleged further that Buck Jackson was not an insurable person at the time he obtained the policy, that he was suffering from chronic ailments, and receiving medical treatment therefor from the time policy was issued, and died on the 20th day of May, 1925;

that, if all his condition had been disclosed, and it would have been if true answers had been given to the questions asked, the policy would never have been issued.

The testimony shows that deceased died with tuberculosis, or consumption, as some of the witnesses called it. Some of the proof was positive to the effect, judging from the result and certainty of diagnosis of the disease, that it had existed and insured was suffering from it for some time at the time of, and long before, the application was made and policy issued. The evidence was in conflict, however, on this point.

Other witnesses testified that there was no such indication, at the time of the issuance of the policy, that deceased was afflicted with this disease, of which he afterwards died, and that he was in apparently good health.

The insurance company offered to prove by its president, who had a copy of the by-laws, which were made part of the policy by its terms, that they were the by-laws and provided for the payment in full satisfaction of the policy, the amount collected by assessment on members for payment of the loss for the death of the last decedent in the month preceding the death of the insured; that the by-laws provided, as the limit of the liability, the amount paid under such assessment, to be determined by the certificate from the secretary and treasurer. The court refused to permit the introduction of this testimony, over defendant's objection, and also refused to give its requested instruction No. D as follows:

"The court instructs the jury that, if you find from a preponderance of the evidence in favor of plaintiff, that your verdict cannot exceed the amount of $575.70, that being the gross yield or amount paid in by the policyholders in assessments or premiums for the month of June, 1925, in the twenty thousand series, in which Buck Jackson was classified."

The jury returned a verdict against appellant for $1,000, the maximum amount of the policy, and, from the judgment thereon for said amount, with penalty and attorney's fees, this appeal has been prosecuted.

*John L. Clark,* for appellant.

*Otis Gilleylen,* for appellee.

KIRBY, J., (after stating the facts).    It is contended that the judgment is not supported by the evidence, which shows that the answers to the questions relative to insured's health made in his application were warranties and false; that he was suffering, at the time of application made for insurance, with, and had been treated for, tuberculosis, of which disease he later died.

The weight of the evidence is in favor of the falsity of these warranties, it is true, but the testimony is not undisputed, and the jury, upon conflicting testimony, have found against the appellant, and its verdict will not be disturbed.

It is next contended that the court erred in refusing to admit the proof of the by-laws of the association by its president, Mr. Judd, and in excluding his testimony regarding the amount of the assessment recoverable thereunder and also in refusing to give its requested instruction D, limiting the amount of the recovery to $575.70.    Appellee insists that, it not being specially pleaded in the answer, the by-laws relating to limiting the amount of the recovery to the one assessment producing less than the amount expressed in the policy, could not be considered.

Section 3, article 5, of the by-laws offered to be proved by the president of the company, provides:

"All policies shall be placed in series in numbers as the board of directors or the president shall designate, and no policy-holder shall be entitled to a greater benefit or a greater policy value than the yield which one single assessment on the series in which he was classified will produce in the month succeeding the approval of the claim of the policy-holder or beneficiary.    This shall be the maximum limit of liability of the company.    The sworn statement of the secretary or assistant secretary as to the yields shall be the basis of settlement under this clause.    This clause shall apply to all policies issued by this company or association."

The president, Mr. Judd, also stated in his deposition which was excluded that the amount of $575.70 was yielded by the assessment of the twenty thousand series in which Buck Jackson was classified in the month succeeding his death, and exhibited the sworn statement of the assistant secretary of the company showing that sum.

The answer expressly denied every material allegation of the complaint except such as are specifically admitted, one of which is that the company would insure the life of the said Buck Jackson in the sum of $1,000 to be paid in the case of his death to Jener Jackson upon proof of death, no admission of which is made in the answer. It also alleged that the policy, application and by-laws of the said defendant constituted the contract between the company and the insured, and, although this allegation is in a clause relating to the warranties made in answer to questions in the application as to the insured's good health, it was nevertheless such an allegation as entitled the company to introduce in support of it the provisions of the by-laws relating thereto, which the policy also provides shall constitute a part of the contract of insurance.

It had been better pleading to deny specifically the liability for the payment of the maximum amount expressed in the policy and to set up or allege liability only to the payment of the amount of the one assessment as provided in the by-laws. But, if the answer was regarded indefinite and uncertain, the defect could have been remedied by a motion to make it more definite and certain.

The court erred in refusing to admit the proof of the by-laws of the association and also in excluding the president's statement that the yield of the assessment for which the company was liable to payment under the policy, upon the death of the insured, was $575.70.

This court has often held that, although a certified copy of the charter under which a corporation is organized is the best evidence of its existence, it may be established by other and parol testimony. *Kelley* v. *Stern Pub. & Nov. Co.*, 147 Ark. 383, 227 S. W. 609; *Stur-*

*divant* v. *Ka-Dene Medicine Co.,* 169 Ark. 535, 275 S. W. 921; *Amer. Trnst. Co.* v. *Netherlands-Amer. Mtg. Bk.,* 169 Ark. 869, 276 S. W. 1010.

Under the same principle as well as the authority of the ruling in *Knight* v. *American Insurance Union,* 172 Ark. 303, 228 S. W. 395, it was competent to prove the by-laws of the corporation by its president, who also could testify to the amount of the yield of the assessment for which the company was liable to payment under the terms of the policy, and this without regard to whether his testimony exhibiting the affidavit and certificate of the assistant secretary showing the amount of the assessment was admissible or not. If this testimony erroneously excluded had been admitted, appellant was entitled to have its requested instruction D given also. For the errors designated the judgment is reversed, and the cause remanded for new trial.